[No. 7361.   Decided September 15, 1908.]

GEORGE H. REES, *Appellant*, v. HUGH I. WILSON *et al.*,
*Respondents*, C. L. MILLER, *Defendant*.[1]

MECHANICS' LIENS—PARTIES—CORPORATION SUCCEEDING PARTNERSHIP—NOTICE—LEASEHOLD ESTATE. Where property was leased to a partnership, which assigned the lease to a corporation of the same name formed for the purpose, a subcontractor claiming a mechanics' lien against the leasehold is not excused from making the corporation a party by reason of the fact that there was no apparent change in the management or possession, where the corporation had taken possession more than a year before the work was done, was in possession at the time, made the original contract, and there was no concealment or fraud.

SAME—LIMITATIONS—LAPSE OF LIEN. A mechanics' lien lapses unless action is commenced against the owner of the property within eight months after the filing of the lien claim.

Appeal from a judgment of the superior court for King county, Albertson, J., entered September 23, 1907, upon findings in favor of the defendant, dismissing on the merits an action to foreclose a mechanics' lien, after a trial before the court.   Affirmed.

[1]Reported in 97 Pac. 245.

*Shank & Smith*, for appellant.

*George McKay* and *Thomas B. McMahon*, for respondents.

FULLERTON, J.—On October 17, 1903, the owners of the property known as the Rainier-Grand Hotel, in Seattle, leased the same to W. McC. White and Hugh I. Wilson, both of Silver Bow, Montana, for a term of years. Immediately on the execution of the lease, the lessees put their representative in charge of the property. They thereupon formed a corporation under the laws of the state of Montana, under the name of The Wilson & White Company, which company took possession of the property some four or five days after the execution of the lease. A formal assignment of the lease was made in writing some six months later. In November, 1904, the corporation entered into a contract with the defendant C. L. Miller, by which Miller agreed to make certain repairs and changes in the hotel buildings, which included the laying of certain tiling on the hotel barroom floor. Miller sublet the contract for laying the tiling to the appellant George H. Rees. Rees laid tiling on the floor, but of a different color and pattern from that called for in the plans and specifications according to which Miller agreed to do the work in his contract with The Wilson & White Company. The company refused to accept or pay for the work as a compliance on Miller's part of its contract with him, and on Miller's refusal to pay for it, the appellant filed a lien on the lessee's interest in the hotel property to secure payment. This action was brought to foreclose the lien.

The action was begun originally against Wilson and White, as copartners, and C. L. Miller. Afterwards, but not until eight calendar months had expired from the time of filing the lien, The Wilson & White Company was made a party defendant. The respondent defended upon two grounds: (1) That the tiling laid did not conform to the

agreement between the corporation and Miller; and (2) that the corporation was the owner of the leasehold interest against which the foreclosure was sought, and the action was not begun against it until after the expiration of eight calendar months from the time the lien was filed. The court found in favor of the respondents on both grounds, and dismissed the action as against Hugh I. Wilson and W. McC. White and the Wilson & White Company, but allowed the appellant a personal judgment against C. L. Miller.

The appellant contends that, as against his claim of lien, the leasehold interest must be deemed the property of Hugh I. Wilson and W. McC. White, and not the property of the respondent corporation. He bases this contention on the claim that there was no apparent change of possession or in the management of the hotel property at the time Wilson and White transferred it to the corporation, and that the formal assignment of the lease was never acknowledged. But conceding these matters to be facts established by the record, we cannot think they warrant the deduction the appellant would draw from them. There is not the slightest evidence in the record that he was misled by them, or that he ever knew of their existence until after he had filed his lien and commenced his action in foreclosure. On the other hand, it was undisputably shown by the record that the respondent, The Wilson & White Company, was a corporation organized under the laws of the state of Montana, and had taken the necessary steps to authorize it to do business in this state; that it had taken possession of the hotel building more than a year prior to the time the appellant did work therein, and was in such possession at the time the work was done. It was shown, also, that it described itself as a corporation in its contract with Miller, the contract which authorized Miller to employ the appellant. If the officers of the corporation had held it out as a partnership, and thereby deceived the appellant to his injury, no doubt a court of equity would relieve him because

of the fraud. But no such case is made here. There was no holding out or attempt at concealment. The appellant, therefore, was bound to inquire as to the fact, and since he did not, the courts are without power to relieve him.

In this state a mechanics' lien does not bind the property subject to the lien for a longer period than eight calendar months after the lien claim has been filed, unless an action be commenced in the proper court within that time to enforce the lien, and as the appellant in the present case did not commence his action to foreclose against the owner of the property within the statutory period, it follows that the trial court rightly held that the lien had lapsed. It is unnecessary to notice other questions argued in the brief.

The judgment is affirmed.

HADLEY, C. J., MOUNT, and CROW, JJ., concur.