[No. 13062.    Department One.    April 19, 1916.]

CITY SASH & DOOR COMPANY *et al., Respondents,* v.
MARGARET BUNN *et al., Appellants.*[1]

APPEAL—DISMISSAL—NOTICE.    A motion to strike a transcript
and dismiss an appeal must be made on ten days' notice, under su-
preme court rules 18 and 19.

MECHANICS' LIENS—DURATION—LIMITATIONS—STATUTES.    Rem. &
Bal. Code, § 1138, providing that no mechanics' lien shall be binding
for a longer period than eight months after filing unless an action
be commenced within that time to foreclose the lien, is not a statute
of limitations, but fixes the duration of the lien.

SAME—FORECLOSURE—NECESSARY PARTIES.    The owner of prop-
erty subject to a mechanics' lien is a necessary party to an action to
foreclose the lien.

SAME—FORECLOSURE—JURISDICTION — SERVICE ON NECESSARY PAR-
TIES.    Under Rem & Bal. Code, § 1138, limiting the life of a me-
chanics' lien to eight months after filing unless an action to fore-
close be commenced within that time, jurisdiction can be acquired
only by service, actual or constructive, upon the owner of the in-
terest sought to be foreclosed within the statutory life of the lien;
as the action is not deemed commenced until the necessary parties
to its maintenance have been served.

ACTIONS—COMMENCEMENT—FILING AND SERVICE.    Under Rem. &
Bal. Code, § 220, providing that civil actions shall be commenced by
the service of a summons or the filing of a complaint, and that, un-
less service has been made before filing, the plaintiff shall cause
one or more of the defendants to be served personally or commence
service by publication within ninety days from the date of filing
the complaint, the filing of the complaint is not the commencement
of an action, but is abortive unless followed by personal service or
the commencement of publication within the ninety days.

MECHANICS' LIENS—FORECLOSURE — PROCEEDINGS — JURISDICTION —
COMMENCEMENT OF ACTION—SERVICE OF PROCESS.    Personal service of
summons must be made upon, or service by publication must be
commenced against, necessary parties to an action to foreclose a
mechanics' lien, within the eight months limited by Rem. & Bal.
Code, § 1138, as the life of the lien unless action be commenced
within that time, in order to confer jurisdiction, in view of Laws
1893, p. 407, passed at the same session, providing that civil actions

[1]Reported in 156 Pac. 854.

shall be commenced by the service of summons; although that act was amended (Rem. & Bal. Code, § 220) to provide that civil actions shall be commenced by the service of summons or the filing of a complaint, provided that unless service is had before filing the plaintiff shall cause one or more of the defendants to be served personally or commence service by publication within ninety days from the date of filing the complaint, there being no implication that the special statute was amended by the amendment of the general statute.

SAME—FORECLOSURE—CONSOLIDATION—EFFECT—PROCESS— NECESSITY. The consolidation of actions to foreclose mechanics' liens confers no jurisdiction of cross-complaints or complaints in intervention setting up independent causes of action, unless such claimants serve process upon necessary parties to the action within the time limited for the duration of the lien.

Appeal from a judgment of the superior court for King county, Humphries, J., entered May 11, 1915, upon findings in favor of the plaintiffs, in consolidated actions to foreclose mechanics' liens, tried to the court. Reversed.

*George L. Palmer* and *Beechler & Batchelor*, for appellants.

*Jas. A. Dougan*, for respondent City Sash & Door Company.

*Reeves Aylmore*, for respondent Taylor Mill Company.

ELLIS, J.—Action to foreclose a large number of mechanics' liens on lot 7, in block 42, of T. Hanford's addition to Seattle. The case is here upon the transcript, findings, conclusions and decree, which are so voluminous as to prohibit a statement of more than a bare outline. At the time the work was done, materials furnished and liens filed, covering the period from August 29, 1913, to February 10, 1914, Joseph A. McGinty and wife were the owners of the property. The work was done and the materials furnished at their instance for the construction of two houses, one on the north half, the other on the south half of the lot. On September 30, 1914, McGinty and wife conveyed the south half of the lot to Margaret Bunn and husband; and in October, 1914,

the north half to Louis Bernheim. Originally, four actions were instituted, numbered and entitled on the records of the superior court for King county as follows: Cause No. 97635, Recchio v. McGinty et al., to foreclose a lien on all of lot 7. In this case, cross-complaints in intervention were filed by Charles Denny and S. W. R. Dally. Cause No. 99669, Hanson v. McGinty et al., to foreclose a lien which, also, covered all of lot 7. Cause No. 99054, City Sash & Door Company v. McGinty et al., to foreclose a lien upon the north half of lot 7. In this case, a complaint in intervention was filed by Bass-Heuter Paint Company to foreclose a claim of lien on the entire lot. Cause No. 99056, City Sash & Door Company v. McGinty et al., to foreclose a claim of lien on the south half of lot 7. Four cross-complaints in intervention to foreclose claims of lien were filed in this case, one by D. J. McHugh covering the south half of lot 7; the second, by Taylor Mill Company, originally covering the north half of lot 7 but amended at the trial to cover the south half of the lot; the third, by Arrow Electric Company covering the entire lot; the fourth, by Bass-Heuter Paint Company covering the entire lot.

The court made specific findings as to the time and character of service and persons served with summons, complaint and cross-complaints in each case, and a general finding that no process of any kind or nature was served upon McGinty and wife other than as in the special findings stated.

On December 22, 1914, after all the services that were ever made had been either made personally or commenced by publication, the four cases were consolidated pursuant to stipulation signed by the attorneys for the various plaintiffs and interveners.

On February 18, 1915, Margaret Bunn and husband and Louis Bernheim appeared specially and moved to dismiss the several causes of action on the ground that they were then the owners of lot 7, had never been served with summons in any of the actions except on the cross-complaint of Arrow

Electric Company, and that none of the actions, either by complaint or cross-complaint, had been commenced within eight months after the filing of the respective claims of lien. The motion was denied, and Bernheim and the Bunns were made additional parties defendant to all of the complaints and complaints in intervention, over their objections. This was long after the expiration of eight months from the filing of any of the lien claims. Thereupon the Bunns and Bernheim filed separate answers, setting up substantially the same facts as advanced on their motions. After trial, the court made findings of fact and conclusions of law, and thereon entered personal judgments against McGinty and wife for the amounts found due to each of the respective lien claimants, and a decree establishing as valid all of the liens claimed, and ordered sale of the two half lots and the buildings thereon to satisfy the liens so established against each half respectively, surplus, if any, of the proceeds of the north half to be paid to Bernheim and of the south half to the Bunns. The defendants Margaret Bunn and husband and Louis Bernheim appeal.

No brief has been filed by any respondent in defense of the decree on the merits. Respondents City Sash & Door Company and Taylor Mill Company, on the hearing in this court, filed identical motions to strike the transcript and dismiss the appeal on the ground that no statement of facts has been brought up and no exceptions were taken to the court's findings. There is no merit in the motions. Moreover, they were presented on only three days notice. Our rules require ten days notice. Rem. & Bal. Code, § 1733 (P. C. 81 § 1219), Supreme Court Rules 18 and 19.

No exceptions were taken to the findings. Appellants concede that they are sufficient to sustain the judgments and decree in favor of Recchio, Denny, Dally and Arrow Electric Company, but insist that they are wholly insufficient to sustain any decree establishing liens in favor of the respondents Hanson, City Sash and Door Company, Bass-Heuter Paint

Company, McHugh and Taylor Mill Company, in that they affirmatively show that no service of process conferring jurisdiction as to any of these was made upon the owner of the premises within the life of any of their liens.

The special statute limiting the life of mechanics' liens, Rem. & Bal. Code, § 1138 (P. C. 309 § 71; Laws 1893, p. 35, § 9) declares:

"No lien created by this chapter binds the property subject to the lien for a longer period than eight calendar months after the claim has been filed unless an action be commenced in the proper court within that time to enforce such lien; . . ."

This is not a statute of limitations. It "limits the duration of the lien." *Peterson v. Dillon*, 27 Wash. 78, 67 Pac. 397; *Davis v. Bartz*, 65 Wash. 395, 118 Pac. 334. The general statute governing the commencement of actions passed at the same session of the legislature (Laws 1893, p. 407, § 1) declared:

"Civil actions in the several superior courts of this state shall be commenced by the service of a summons, as hereinafter provided."

The last quoted section was amended in 1895 (Laws 1895, p. 170, § 1; Rem. & Bal. Code, § 220 [P. C. 81 § 131]), to read as follows:

"Civil actions in the several superior courts of this state shall be commenced by the service of a summons, as hereinafter provided, or by filing a complaint with the county clerk as clerk of the court: Provided, that unless service has been had on the defendant prior to the filing of the complaint, the plaintiff shall cause one or more of the defendants to be served personally, or commence service by publication within ninety days from the date of filing the complaint."

Unless the special statute (Id., § 1138) was, by implication, also amended by the amendment of the general statute governing commencement of actions, thus extending the life of the lien merely by filing a complaint, it is plain that the

22—90 WASH.

lien is lost as to any necessary defendant who is not served with summons within the eight months.

The owner of property subject to a mechanics' lien at the time of suit is a necessary party to an action to foreclose the lien. The proceeding to establish and foreclose the lien is, in a sense, *in rem*. Jurisdiction of the subject matter can only be acquired by service, actual or constructive, upon the owner of the interest sought to be subjected and within the statutory life of the lien. *Littell & Smythe Mfg. Co. v. Miller*, 3 Wash. 480, 28 Pac. 1035; *Sagmeister v. Foss*, 4 Wash. 320, 30 Pac. 80, 744; *Peterson v. Dillon*, 27 Wash. 78, 67 Pac. 397; *Powell v. Nolan*, 27 Wash. 318, 67 Pac. 712, 68 Pac. 389; *Northwest Bridge Co. v. Tacoma Shipbuilding Co.*, 36 Wash. 333, 78 Pac. 996; *Rees v. Wilson*, 50 Wash. 339, 97 Pac 245; *Pickens v. Polk*, 42 Neb. 267, 60 N. W. 566; *Ortwine v. Caskey*, 43 Md. 134; *Hughes v. Torgerson*, 96 Ala. 346, 11 South. 209, 38 Am. St. 105, 16 L. R. A. 600.

Our own decisions above cited were nearly all in cases where it was sought to foreclose liens on community property by serving only the husband within the life of the lien. It was held in all of these that the wife was a necessary party because the community of which she was a member was the owner of the property. In those cases, it was also held that service of summons on one spouse is not the commencement of an action as to the other; and in the *Peterson* and *Northwest Bridge Company* cases, it was held that the bringing in of the wife subsequent to the expiration of the lien is of no avail and confers no jurisdiction to enforce the lien. We have also repeatedly held—and the holding was inevitable—that, under the provisions of § 220 above quoted, the filing of the complaint is not the commencement of an action but only a tentative commencement, wholly abortive unless followed by personal service on one or more defendants, or by the commencement of service by publication within ninety days. "Both must exist before the action is commenced." *Deming Inv. Co. v. Ely*, 21 Wash. 102, 57 Pac. 353; *Fuhrman v.*

*Power*, 43 Wash. 533, 86 Pac. 940; *McPhee v. Nida*, 60 Wash. 619, 111 Pac. 1049.

When it is remembered that § 1138 is not a mere statute of limitations limiting the time of commencing actions, but fixes a limit to the very existence of the lien, it is palpable that no action to foreclose a mechanics' lien can be deemed commenced until the *necessary parties to its maintenance* have been served either personally or by publication of summons. It would seem, also, that this must be done within the eight months of the statutory life of the lien, because jurisdiction of such parties, under the foregoing decisions, is an essential to any action "to enforce such lien" which is the kind of action which must be *commenced within that time* under the terms of the statute. The life of the lien, as fixed by the special statute on that subject, cannot be held to be extended for ninety days merely by the filing of a complaint within the eight months, though followed by service after the eight months but within ninety days as required by the general statute as to commencement of actions subsequently passed. No such implication is necessary, since the filing of the complaint and the service or publication of summons thereafter at any time within ninety days may both be accomplished within the eight months of the life of the lien, thus giving scope for the operation of all the provisions of the general statute, § 220, without extending the statutory life of the lien as fixed by the special statute, § 1138. Since the implication is not necessary, we cannot indulge it. It follows that personal service must be made upon, or service by publication must be commenced against, such necessary parties within eight months after the lien is filed, else the court acquires no jurisdiction to enforce the lien. We have in effect so held in *Rees v. Wilson, supra,* and *Davis v. Bartz, supra.*

An examination of the transcript as to the publication of summons, and of the court's findings as to the filing of liens, complaints, and cross-complaints, and as to service thereon,

makes it plain that the court acquired no jurisdiction within the life of their respective liens to enforce the liens claimed in favor of the respondents H. A. Hanson, City Sash & Door Company, Bass-Heuter Paint Company, D. J. McHugh, and Taylor Mill Company, or any of them. As to the complaint of H. A. Hanson, the findings disclose that there was no service of process, either actual or constructive, within eight months or at all, upon any of the parties. As to the City Sash & Door Company, no party was served with summons on either of its complaints within eight months after its lien claims were filed; and the owners of the property, the Mc-Gintys, were never served with any process. As to the complaints in intervention of Bass-Heuter Paint Company and D. J. McHugh, no process of any nature was served, either personally or by publication, upon the necessary parties, the McGintys, at any time. As to the claim of Taylor Mill Company, the findings disclose that, though the complaint in intervention was filed within eight months after the filing of the lien claim, the publication of the summons against the necessary parties, the McGintys, was not commenced until long after the expiration of the eight months. In any event, it was fatally defective. The affidavit of publication in the transcript shows that the summons as published described other property than that actually covered by the amended complaint.

It seems to have been contended in the lower court, on the authority of *Peterson v. Dillon, supra,* that, because of the inherent power of the court to consolidate the several actions, such consolidation gave the court jurisdiction of all parties who theretofore had appeared or had been served in either of the actions, and that, by some sort of imputed service, the appearance of the necessary parties, McGinty and wife, in the Recchio case inured as an appearance to all the other complaints and cross-complaints. The language used in the *Peterson* case, however, must be confined to the facts in that case. It can only apply where the subject-matter and issues

are identical and where the relation of the parties thereto are the same in each case, which was true of the cases there consolidated. Neither this court nor any other court, so far as we are advised, has ever held that a judgment on a complaint, cross-complaint, or complaint in intervention setting up an independent cause of action may be rendered without service on any necessary party merely because the case in which it is filed was consolidated with an action by another party on a different cause of action in which such service had been made. Such a holding would impinge the constitutional guaranty of due process of law. This court has expressly held that no jurisdiction is acquired to render judgment on a cross-complaint setting up a mechanics' lien in the absence of service of summons or copy of such cross-complaint upon the defendant, giving him a chance to plead. *Powell v. Nolan, supra.*

The decree, in so far as it establishes and forecloses the liens in favor of the respondents Hanson, City Sash & Door Company, Bass-Heuter Paint Company, McHugh, and Taylor Mill Company, is reversed, and the cause is remanded with directions to modify the decree in accordance with this opinion and dismiss their several complaints and cross-complaints in intervention. Appellants may recover their costs.

MORRIS, C. J., FULLERTON, CHADWICK, and MOUNT, JJ., concur.