[No. 22663. Department Two. December 30, 1930.]

EDWARDS & BRADFORD LUMBER COMPANY, *Respondent*, v. .WILLIAM H. MATTHEWS *et al., Appellants,* F. L. BUELL *et al., Defendants.*[1]

*Gleeson & Gleeson,* for appellants.
*Davis, Heil & Davis,* for respondent.

BEALS, J.—Defendants F. L. and Grace D. Buell, being the owners of two lots in Arlington Heights Addition to Spokane, and desiring to improve the same by constructing a small cottage thereon, during the fall of 1928 requested plaintiff, a corporation engaged in the lumber business, to furnish the lumber necessary for the construction of the proposed dwelling, upon .

[1]Reported in 294 Pac. 964.

the understanding, as testified by plaintiff's witnesses, that the material would be paid for when the house was sold, plaintiff to protect itself in case the house was not sold during the spring of 1929 by filing a lien within the time limited by law, the Buells to give plaintiff a mortgage on the property if the same was not sold by September following.

Plaintiff's manager testified that Mr. Buell told him that he had money enough to pay for all the materials necessary for the construction of the house save the lumber. Plaintiff furnished material up to the amount of something over four hundred dollars, and, the house not being sold during the spring of 1929, filed its lien therefor within the time limited by law. Defendants Buell having been unable to sell the property, plaintiff, December 9, 1929, filed its complaint, praying for a foreclosure of its lien, naming as parties defendant Mr. and Mrs. Buell and Mr. and Mrs. William H. Matthews, who, it was alleged, claimed some interest in the property.

These latter defendants demurred to plaintiff's complaint, as hereinafter stated, their demurrer being overruled by the trial court. Plaintiff then filed an amended complaint, alleging the furnishing of the lumber as requested by Mr. Buell, and an agreement with him substantially as above set forth. Defendants Matthews answered this amended complaint, denying the material allegations thereof, and alleging that defendants Buell conveyed the real property in question to them by warranty deed dated November 3, 1928, and filed for record in the office of the auditor for Spokane county November 7, 1928.

Defendants Matthews further alleged that this deed was in fact a mortgage given to secure money advanced by them for the construction of the dwelling above referred to, and prayed that this deed be de-

clared to be a mortgage superior to plaintiff's lien, and foreclosed. Defendants Matthews also, in their answer, pleaded affirmatively that plaintiff's action to foreclose its lien had not been commenced within the time limited by law. The affirmative matter contained in this answer having been denied by plaintiff in its reply, and no appearance in the action having been made by the Buells, the cause proceeded to trial, the court entering a decree establishing plaintiff's claim as a first lien upon the property, declaring the deed from Mr. and Mrs. Buell to Mr. Matthews to be in fact a mortgage, and foreclosing the same, subject to plaintiff's prior right.

From this judgment, defendants Matthews appeal, alleging that the trial court erred in allowing plaintiff a lien upon the property, and in entering judgment in plaintiff's favor foreclosing the same as a superior claim to that which the court adjudged to defendants Matthews under their deed.

■ Plaintiff's notice of claim of lien was filed for record in the auditor's office April 10, 1929. The complaint herein was, as above stated, filed in the office of the clerk December 9, 1929. Defendants Matthews demurred to the original complaint upon the ground that the action had not been commenced within the time limited by law, it evidently appearing from the record that the summons and complaint had not been served until after the expiration of eight months from the date of the filing of the lien.

Section 1138, Rem. Comp. Stat., reads as follows:

"No lien created by this chapter binds the property subject to the lien for a longer period than eight calendar months after the claim has been filed unless an action be commenced in the proper court within that time to enforce such lien; or, if credit be given, then eight calendar months after the expiration of such credit; and in case such action be not prosecuted to

judgment within two years after the commencement thereof, the court, in its discretion, may dismiss the same for want of prosecution, and the dismissal of such action or a judgment rendered therein, that no lien exists, shall constitute a cancellation of the lien.''

In the case of *City Sash & Door Co. v. Bunn,* 90 Wash. 669, 156 Pac. 854, Ann. Cas. 1918B 31, this court held that, under the section above quoted, an action to foreclose such a lien as is referred to in that section was not commenced until the complaint was filed and the summons served upon the necessary parties defendant, the action not being deemed commenced until the parties necessary to its maintenance have been served.

The first question to be considered, therefore, is, Does the record support respondent's contention that such credit had been given as would extend the eight months' period within which an action could be commenced to foreclose the lien? If, as respondent contends, credit was given up to September first following the filing of the lien, then respondent's action was regularly commenced within the time limited by law; if no such credit was given, then respondent's action was not seasonably commenced.

Mr. Buell did not appear as a witness, the only testimony referring to this matter being that of respondent's manager, who testified that the lumber was furnished with the understanding that respondent would receive its money from the proceeds of the sale which it was anticipated would be effected during the spring of 1929; that if the property was not sold, it was understood that respondent should file its lien; and if the property was still unsold by September first following, Mr. Buell would then give to respondent a mortgage on the property for the amount due. Appellants objected to this testimony, but we conclude that the same

was properly admitted, and that upon the record before it the trial court was warranted in finding that credit had been given by respondent which extended the time for payment of its claim up to September 1, 1929.

May 15, 1930, an order of default was entered on respondent's motion against Mr. and Mrs. Buell. This order recited that it appeared from respondent's motion and affidavit and from the files that each of the defendants named in the order had been regularly served with the summons issued in the action. Appellants contend that at this time there was no proof on file of the service of the summons upon Grace D. Buell. The sheriff of Spokane county had made his return, dated March 3, 1930, certifying that he had served the summons and complaint in the action upon defendant F. L. Buell in Spokane county, March 3, 1930, by delivering to and leaving with Grace D. Buell, at Mr. Buell's residence, a copy of the summons and complaint for Mr. Buell, the return being in the usual form. July 17, 1930, after the entry of the judgment in this action, respondent filed in the office of the clerk of the court a return of the sheriff of Spokane county, dated January 15, 1930, showing that the sheriff, January 14, 1930, served the summons and complaint in this action upon Grace D. Buell, personally, in Spokane county. This return has been forwarded here by supplemental transcript. Appellants contend that this return, having been filed after the entry of the decree, is not properly before us and cannot be considered. Neither Mr. nor Mrs. Buell at any time appeared in the action, appellants' objection to the decree being that the court had no jurisdiction to enter the same in the absence of an appearance by Mrs. Buell, or some showing that the court had obtained jurisdiction over her by service of summons.

The trial court made an express finding to the effect that the summons in this action had been personally served upon each of the defendants named therein. No exception was taken by appellants to this finding, and, while the decree contains no recital to the effect that the summons was served, it does refer to the fact that findings of fact and conclusions of law had been entered. It does not appear from the record that this question was presented by appellants prior to or at the time of the entry of the decree, and we conclude that, disregarding the return showing service of summons upon Mrs. Buell hereinabove referred to, the decree appealed from is not obnoxious to appellants' objection that it must now be held that the trial court had no jurisdiction to enter the same.

Appellants contend that the record fails to support the court's finding that respondent delivered building material to be used in the construction of a dwelling upon the property in question. An examination of the record convinces us that the same supports the findings of the trial court to the effect that the building material was actually, at Mr. Buell's order, delivered at Mr. Buell's property for use in the construction of the house which was there being built; and that the record also supports the decision of the trial court that respondent's claim is superior to that of appellants.

The judgment appealed from is affirmed.

MITCHELL, C. J., FULLERTON, MILLARD, and MAIN, JJ., concur.