[Nos. 693-2; 694-2.    Division Two.    April 19, 1973.]

GALVANIZER'S COMPANY, *Respondent*, v. THE STATE HIGHWAY COMMISSION *et al., Appellants.*

GALVANIZER'S COMPANY, *Respondent*, v. THE STATE HIGHWAY COMMISSION *et al., Appellants.*

*James D. Horton* (of *Blair, Schaefer, Hutchison, Wynne, Potter & Horton*) and *Michael H. Schmeer* (of *Black, Kendall, Tremaine, Boothe & Higgins*), for appellants.

*John Hall* (of *Campbell & Hall*), for respondent.

PETRIE, J.—The issue presented by this appeal is whether or not a lien claimant under the public works lien law, RCW 60.28, has lost his right to foreclose a statutory lien by failing to serve his alleged debtor with summons and complaint for foreclosure of the lien within the statutory time period—4 months—after having filed the notice of claim, so long as the public body which retained the liened funds was served within the 4-month statutory period. We hold that under those circumstances the lien has been lost and foreclosure is precluded.

Defendant Coral Corporation, as subcontractor on two state highway projects, contracted with the prime contractor on each of said projects to furnish material, labor and construction of certain highway signposts which were to be installed pursuant to the prime contractor's contract with defendant Washington State Highway Commission. Defendant, P & F Manufacturing Company, contracted with Coral to furnish the materials for these signposts. Plaintiff, Galvanizer's Company, furnished materials for, and galvanized the signposts at the special instance and request of P & F. On September 29, 1969, prior to completion of work on the projects, Galvanizer's filed a notice of lien against the retained percentage funds held by the Washington State Highway Commission. Within 4 months of filing the claim of lien, Galvanizer's filed a complaint in Thurston County Superior Court for money judgment against all defendants, jointly and severally, and also sought to foreclose its lien on the retained percentage funds. The Washington State Highway Commission was served with summons and complaint within 4 months of the filing of the notice of claim, but all other defendants were not served until more than 4 months had elapsed after Galvanizer's had filed its notice of claim. The other defendants were, however, personally served with summons and complaint within 90 days after the complaint had been filed.[1] Among the defenses set up

[1] CR 3 provides in part: "A civil action is commenced by service of a summons as provided in Rule 4 or by filing a complaint. If no service of summons is had upon a defendant before the complaint is filed, one

was the defense that the action to foreclose the lien was not commenced within the time limited by statute.

The trial court denied a defense motion for judgment on the pleadings (based upon the timeliness plea). Ultimately the court (1) entered judgment for the amount of the unpaid balance in favor of Galvanizer's against defendants Washington State Highway Commission and P & F, (2) declared the judgment a lien against the retained percentage funds, and (3) directed the commission to pay so much of the retained percentage funds into the registry of the court as is necessary to satisfy the judgment and lien. P & F has appealed that judgment to this court, challenging only those portions of the judgment which attempt to enforce the lien.

Galvanizer's and P & F agree that a complaint to foreclose a statutory lien must be filed and also that the *necessary* parties must be served with process before the expiration of the statutory period of the life of the lien in order to enforce the lien. Indeed, the court acquires no jurisdiction to enforce the lien unless valid service has been made upon necessary parties within the statutory period of the life of the lien. *City Sash & Door Co. v. Bunn,* 90 Wash. 669, 156 P. 854 (1916). Galvanizer's contends that the Washington State Highway Commission is the only necessary—in contradistinction to a proper—party to the foreclosure action. P & F contends that the prime contractor, all subcontractors and the alleged debtor are all necessary parties as well as the commission.

■ We need not, and do not, decide whether or not all the contractors are necessary parties to this action. We limit this opinion solely to declaring that the alleged debtor is a necessary party upon whom service of process must have been made during the 4-month statutory life of the lien *in order that the lien be enforced as against him.*

In *Davis v. Bartz,* 65 Wash. 395, 118 P. 334 (1911), the court determined that a judgment which had foreclosed a

---

or more defendants shall be served personally, or service by publication shall be commenced within 90 days after complaint is filed."

mechanic's lien granted under RCW 60.04.010 was void as against a mortgagee who had not been served with process during the statutory life of the lien. The reasoning of the court is persuasive herein:

> A mortgagee has something more than a mere right to redeem as against an antecedent lien. He has a right to contest its validity or assail its priority if the evidence warrants either defense. He is entitled to his day in court upon these matters, within the period fixed by the statute. In this respect there is no valid distinction between necessary parties and proper parties. *Union Nat. Sav. & Loan Ass'n v. Helberg,* 152 Ind. 139, 51 N. E. 916.
>
> It follows of necessity that any one interested, whether as owner, mortgagee, lien claimant, or otherwise; any one who may defend against the lien, or show by competent evidence that it is not a lien as against his interest, has the right to invoke the statute if the action be not commenced *as against him* within the statutory period.

*Davis v. Bartz, supra* at 398.

By its motion for judgment on the pleadings, P & F was simply asserting that no action to foreclose the lien had been commenced against it during the statutory life of the lien. That assertion was correct. For the purposes of this action, it is immaterial whether or not P & F was a necessary party so long as it was a proper party to the lien foreclosure action. Clearly, P & F was a proper party for whose benefit the funds were retained in trust by the highway commission under RCW 60.28.010.[2] A lien foreclosure

[2] At the time the complaint was filed, RCW 60.28.010 provided in part as follows: "(1) Contracts for public improvements or work by the state, or any county, city, town, district, board, or other public body, shall provide, and there shall be reserved from the moneys earned by the contractor on estimates during the progress of the improvement or work, a sum equal to ten percent of the first one hundred thousand dollars and five percent for all amounts over one hundred thousand dollars of such estimates, said sum to be retained by the state, county, city, town, district, board, or other public body, *as a trust fund for the protection and payment of* any person or persons, mechanic, subcontractor or materialman who shall perform any labor upon such contract or the doing of said work, and *all persons who shall supply such person or persons or subcontractors with provisions and supplies for the carrying on of such work,* and the state with respect to taxes imposed

action is absolutely void absent service of process upon a necessary party; as against a proper party it is void only as to one upon whom service has not been made within the statutory period. *Davis v. Bartz, supra.*

In *Davis,* the court did not disturb the prior foreclosure of the lien. It merely declared that in a *subsequent mortgage foreclosure action,* the lien claimant was remitted to his original lien in defense of the mortgage foreclosure. His lien foreclosure had been preserved as against those whom he had validly served, but it had no effect upon a proper party upon whom he had failed to serve valid process. The lien having expired by the time the mortgage foreclosure action was commenced, his defense thereto also failed.

One note of caution should be injected at this point. Unlike the mechanic's lien law (RCW 60.04.010), the public works lien law (RCW 60.28.010 *et seq.*) does not contain any language which makes a "contractor, subcontractor, architect, builder or person having charge," an *agent* of the owner of the property which is subject to the lien. *See Standard Lumber Co. v. Fields,* 29 Wn.2d 327, 187 P.2d 283, 175 A.L.R. 309 (1947) for the significance of this distinction.

The judgment, insofar as it purports to enforce a lien against P & F's interest (or any assignee thereof) in the trust funds held by the Washington State Highway Commission, is modified. Insofar as the judgment is a personal judgment against P & F it is affirmed.

PEARSON, C.J., and ARMSTRONG, J., concur.

---

pursuant to Title 82 which may be due from such contractor. Said fund shall be retained for a period of thirty days following the final acceptance of said improvement or work as completed, and every person performing labor or furnishing supplies toward the completion of said improvement or work shall have a lien upon said fund so reserved: *Provided,* That such notice of the lien of such claimant shall be given in the manner and within the time provided in RCW 39.08.030 through 39.08.060 as now existing and in accordance with any amendments that may hereafter be made thereto: . . ." (Italics ours.) (Laws of 1969, 1st Ex. Sess., ch. 151, § 1.)