[No. 878-2.    Division Two.    October 4, 1973.]

CURTIS LUMBER COMPANY, *Appellant*, v. GAROLD S. SORTOR *et al., Respondents.*

*Ernest L. Meyer* (of *O'Leary, Meyer & O'Leary*), for appellant.

*Richard E. Keefe* and *Charles P. Nomellini* (of *Ashley, Foster, Pepper & Riviera*), for respondents.

PEARSON, C.J.—This appeal raises a single question: Does a lien asserted under RCW 60.04.100 expire, where service of the summons and complaint to foreclose it is not made on a necessary party within 8 months of the date when notice of claim of lien is filed? We hold that the lien does expire.

The facts are undisputed. Appellant, Curtis Lumber Company, delivered material to a construction site on certain property near Lacey, Washington in May, 1971. Washington Mutual Savings Bank recorded a mortgage on that property on June 22, 1971. On August 26, 1971, Curtis filed a notice of claim of lien against the property and on April 26, 1972, exactly 8 months later, Curtis filed a complaint to foreclose its lien. The bank was served with a copy of the summons and complaint 2 days later.

The bank's answer sought foreclosure of its mortgage and alleged Curtis' failure to timely commence an action on its lien as a bar thereto. The bank's motion for summary judgment of foreclosure and dismissing Curtis' action was granted. From that judgment Curtis appeals.

RCW 60.04 *et seq.* contains the statutory provisions pertaining to mechanics' liens. RCW 60.04.100 provides as follows:

No lien created by this chapter binds the property subject to the lien for a longer period than eight calendar months after the claim has been filed unless an action be commenced in the proper court within that time to enforce such lien; or, if credit be given and the terms thereof be stated in the claim of lien, then eight calendar months after the expiration of such credit; and in case such action be not prosecuted to judgment within two years after the commencement thereof, the court, in its discretion, may dismiss the same for want of prosecution, and the dismissal of such action or a judgment rendered therein, that no lien exists, shall constitute a cancellation of the lien.

■ With regard to the commencement of an action under this statute, the facts of this case fall squarely within the rule laid down in *City Sash & Door Co. v. Bunn*, 90 Wash. 669, 156 P. 854 (1916). As said in that case:

When it is remembered that § 1138 [present RCW 60.04.100] is not a mere statute of limitations limiting the time of commencing actions, but fixes a limit to the very existence of the lien, it is palpable that no action to foreclose a mechanics' lien can be deemed commenced until the *necessary parties to its maintenance* have been served either personally or by publication of *summons*. It would seem, also, that this must be done within the eight months of the statutory life of the lien, because jurisdiction of such parties, under the foregoing decisions, is an essential to any action "to enforce such lien" which is the kind of action which must be *commenced within that time* under the terms of the statute. The life of the lien, as fixed by the special statute on that subject, cannot be held to be extended for ninety days merely by the filing of a complaint within the eight months, though followed by service after the eight months but within ninety days as required by the general statute as to commencement of actions subsequently passed. No such implication is necessary, since the filing of the complaint and the service or publication of summons thereafter at any time within ninety days may both be accomplished within the eight months of the life of the lien, thus giving scope for the operation of all the provisions of the general statute, . . . without extending the statutory life of the lien as fixed by the special statute, . . .

*City Sash & Door Co.* at 675.

We have recently reiterated and applied the rationale of this case. *See Galvanizer's Co. v. State Highway Comm'n,* 8 Wn. App. 804, 509 P.2d 73 (1973).

██ It is clear that a mortgagee is a necessary party to a lien foreclosure action under this statute. *Davis v. Bartz,* 65 Wash. 395, 118 P. 334 (1911). Under the rule of *City Sash & Door Co. v. Bunn,* the complaint must be filed and necessary parties must be served prior to the expiration of the statutory 8-month period or the court acquires no jurisdiction to enforce the lien. *Galvanizer's Co. v. State Highway Comm'n, supra.*

██ Curtis urges that since RCW 60.04.100 speaks only of "commencement" of an action, the general rule governing the commencement of actions, CR 3,[1] should control. As the above excerpted portion of *City Sash & Door Co. v. Bunn* makes clear, the Supreme Court has rejected the proposition that the general court rules control the special statute. RCW 60.04.100 is not a "mere statute of limitations" which may be tolled by the filing of a complaint. Moreover, CR 3 does not supersede rules applicable to special proceedings, of which a statutory lien foreclosure action is one. CR 81.

We reject Curtis' contention that we must construe RCW 60.04.100 in light of the general statute in effect in 1943 because the lien statute was amended in that year. Since the amendment affected a portion of the statute not at issue here, it left untouched the construction placed upon it by *City Sash & Door Co. v. Bunn. See Yakima Valley Bank & Trust Co. v. Yakima County,* 149 Wash. 552, 271 P. 820 (1928).

The judgment of the trial court is affirmed.

---

[1] CR 3 provides, in part: "A civil action is commenced by service of a summons as provided in Rule 4 or by filing a complaint. If no service of summons is had upon a defendant before the complaint is filed, one or more defendants shall be served personally, or service by publication shall be commenced within 90 days after complaint is filed."

766

ARMSTRONG and PETRIE, JJ., concur.

Petition for rehearing denied November 7, 1973.

Review granted by Supreme Court December 17, 1973.