[No. 43039.    En Banc.    May 29, 1974.]

CURTIS LUMBER CO., *Petitioner*, v. GAROLD S. SORTOR *et al.*, *Respondents*.

*Ernest L. Meyer*, for petitioner.

*Ashley, Foster, Pepper & Riviera* and *Richard E. Keefe* and *Charles P. Nomellini,* for respondents.

FINLEY, J.—This case is before us on a petition by Curtis Lumber Co. to review a decision of the Court of Appeals which affirmed summary judgment and dismissal of a lien foreclosure sought by appellant Curtis Lumber Co. against respondents Sortor et al., in the Thurston County Superior Court.

The facts are not in dispute. In May 1971, Curtis Lumber Co. (hereinafter "Curtis") delivered building materials to a construction site near Lacey, Washington. Respondent Washington Mutual Savings Bank recorded its mortgage on the property on June 22, 1971. Curtis filed its notice of lien on August 26, 1971, and exactly 8 months thereafter, on April 26, 1972, filed a complaint to foreclose that lien. Respondent bank was subsequently served with a copy of the summons and complaint on April 28, 1972. In answer, the bank moved for summary judgment alleging that Curtis had failed to timely commence its action, and its lien was barred, citing *City Sash & Door Co. v. Bunn,* 90 Wash. 669, 156 P. 854 (1916). Whereupon, the trial court granted the motion for summary judgment which was affirmed by the Court of Appeals in *Curtis Lumber Co. v. Sortor,* 9 Wn. App. 762, 515 P.2d 554 (1973).

RCW 60.04.100, which governs the expiration of mechanics' liens, provides in pertinent part:

> No lien created by this chapter binds the property subject to the lien for a longer period than eight calendar months after the claim has been filed *unless an action be commenced in the proper court within that time* to enforce such lien; . . .

(Italics ours).

The sole issue is whether a mechanics' lien asserted under RCW 60.04.100 expires when a complaint is timely filed but service of summons upon necessary parties is not made within 8 months of the filing of the claim of lien. The Court of Appeals relied upon the 1916 decision in *City Sash*

*& Door Co. v. Bunn, supra,* which held that the statute antedating RCW 60.04.100 limited the life of a mechanics' lien to 8 months unless service was made upon all necessary parties. When the statutory antecedent of RCW 60.04.100 was enacted in 1893, actions were commenced by the service of a summons. Laws of 1893, ch. 127, § 1, p. 407. Shortly thereafter, Laws of 1895, ch. 86, § 1, p. 170 (similar in substance to the current court rule, CR 3),[1] was enacted to provide for the commencement of actions by the service of a summons *or the filing of a complaint.* Nevertheless, in *City Sash & Door Co.,* the court reasoned that commencement of an action for purposes of a mechanics' lien was not modified by the revision in the general statute governing commencement of actions. Thus, the court held that necessary parties must be served prior to the expiration of the 8-month period to validly commence an action to foreclose on a mechanics' lien.

In 1967, this court completely revised the Washington rules of civil procedure. The goal, as stated at the time, was "[t]o eliminate many procedural traps now existing in Washington practice;" Foreword to Civil Rules for Superior Court, 71 Wn.2d xxiii, xxiv (1967). The instant case provides a prime example of an anomalous, purely accidental, unnecessary but fatal procedural snare for the unwary or less fleet of foot. The new rules should serve as a manual or bible of civil procedure. Hopefully, careful adherence to the rules of the manual will avoid embarrassment to members

---

[1] Current CR 3 provides as follows:

"COMMENCEMENT OF ACTION

"(a) Methods. A civil action is commenced by service of a summons as provided in Rule 4 or by filing a complaint. If no service of summons is had upon a defendant before the complaint is filed, one or more defendants shall be served personally, or service by publication shall be commenced within 90 days after complaint is filed. Upon written demand by any other party, the plaintiff instituting the action forthwith, shall pay the filing fee and file the summons and complaint. If the summons was served without the complaint being attached, the plaintiff shall file the complaint within 5 days after the first service of the summons upon a defendant. . . .

"(b) Tolling Statute. [Reserved—See RCW 4.16.170.]"

of the bar because of delay and even the loss of lawsuits occasioned by unnecessarily complex and vagrant procedural technicalities. In other words, the basic purpose of the new rules of civil procedure is to eliminate or at least to minimize technical miscarriages of justice inherent in archaic procedural concepts once characterized by Vanderbilt as "the sporting theory of justice."

Whatever purpose it was thought was served by the interpretation rendered in *City Sash & Door Co.* in 1916 certainly seems no longer particularly pertinent in today's era of modern, streamlined rules of civil procedure. CR 81, adopted in 1967, is addressed to the scope of the modern rules:

APPLICABILITY IN GENERAL

(a) To What Proceedings Applicable. Except where inconsistent with rules or statutes applicable to special proceedings [which are governed by SPR 90.04W-98.20W], *these rules shall govern all civil proceedings. Where statutes relating to special proceedings provide for procedure under former statutes applicable generally to civil actions, the procedure shall be governed by these rules.*

(b) Conflicting Statutes and Rules. *Subject to the provisions of subdivision (a) of this rule, these rules supersede all procedural statutes and other rules that may be in conflict.* [Adopted May 5, 1967, effective July 1, 1967.]

(Italics ours.)

■ There seems to us no question that the rule pronounced in the *City Sash & Door Co.* case was displaced and rendered inoperative by the adoption of the new rules of civil procedure. *Cf. Galvanizer's Co. v. State Highway Comm'n,* 8 Wn. App. 804, 509 P.2d 73 (1973). CR 3 clearly and unmistakably provides that an action is commenced today by service of a summons *or by the filing of a complaint.*

■ We must conclude, therefore, that RCW 60.04.100 is a statute of limitations upon the duration of a mechanics' lien. According to the statutory language of RCW 60.04.100

the lien expires 8 months after filing a claim of lien unless an action to foreclose is commenced. An action is properly commenced under CR 3 by the filing of a complaint or the service of summons. In the instant case, Curtis filed its complaint upon the final day of the 8-month period. Hence under RCW 4.16.170, the statute of limitations is tolled by the filing of a complaint, and, thus, Curtis' action was timely commenced.

The Court of Appeals and the Superior Court are reversed, and the case is remanded for further proceedings.

HAMILTON, WRIGHT, UTTER, and BRACHTENBACH, JJ., concur.

ROSELLINI, J. (dissenting)—The majority has reversed a precedent of 57 years by overruling the case of *City Sash & Door Co. v. Bunn*, 90 Wash. 669, 156 P. 854 (1916). The rationale for the reversal is based on Civil Rule for Superior Court 3. CR 3, for all practical purposes, is the same as the rule for commencement of civil action which was in existence at the time that *City Sash & Door Co. v. Bunn, supra,* was decided.

The comment to CR 3 states that "[s]ubdivision (a) follows and supersedes RCW 4.28.010 except for the addition of the last three sentences," which are not material to this discussion.

RCW 4.28.010 is stated as follows:

> Civil actions in the several superior courts of this state shall be commenced by the service of a summons, as hereinafter provided, or by filing a complaint with the county clerk as clerk of the court: *Provided,* That unless service has been had on the defendant prior to the filing of the complaint, the plaintiff shall cause one or more of the defendants to be served personally, or commence service by publication within ninety days from the date of filing the complaint: . . .

The determinative statutes and rules are the same today as those considered by the court in *City Sash & Door Co. v. Bunn, supra,* when it was decided that the commencement

of a lien foreclosure action under RCW 60.04 required *both* filing *and* service of summons and complaint within the statutory 8-month period.

In the record and in oral argument, the respondent has forthrightly stated that he has not been misled or entrapped by CR 3, but that the delay in serving and filing the necessary party within the 8-month period was occasioned by the respondent's failure in deciding at the very last minute to file and commence a suit to foreclose the lien. There was no reliance of the respondent upon CR 3. As a matter of fact, if the respondent had decided to process his lien for suit in sufficient time, the procedure as outlined in *City Sash & Door Co. v. Bunn, supra,* had to be followed.[2]

The majority ignores and fails to apply CR 81(a) which provides that the general rules shall not be applied if they are inconsistent with a special proceeding.

Mechanics' liens have always been considered a special proceeding. If you consult the index to the RCWs under "SPECIAL PROCEEDINGS," you will find listed "Liens, see LIENS." 2 RCW 1973 General Index 1501 (1974). The lien statute was not known to the common law and is a creature of statute. A claimant, under the statute, must file a claim for a lien within 90 days of completion of work or delivery of materials with the county auditor. It is considered an action in rem, taking some of the nature of in personam.

In applying the lien statute the court must take the statute as it finds it and cannot depart from the plain words of the statute. A cardinal rule of lien construction is that when a court has construed a statute in a particular way for a long period of time, it must follow such a decision; and when it effects a change in the meaning of the statute, it in effect engages in legislation. *Rupp v. Earl H. Cline & Sons, Inc.,* 230 Md. 573, 188 A.2d 146, 1 A.L.R.3d 815 (1963).

---

[2]The procedure has been established for 57 years and an attorney who fails to follow it may expose himself to possible dereliction of duty by not following the well-established precedent as to how to commence a lien foreclosure.

The majority's ruling, which overturns 57 years of precedent, in effect has now amended RCW 60.04.100 to mean that the lien statute survives for more than 8 calendar months, in contradiction to that statute. In *City Sash & Door Co. v. Bunn, supra* at 673-75, we said:

The special statute limiting the life of mechanics' liens [RCW 60.04.100], declares:

"No lien created by this chapter binds the property subject to the lien for a longer period than eight calendar months after the claim has been filed unless an action be commenced in the proper court within that time to enforce such lien; . . ."

This is not a statute of limitations. It "limits the duration of the lien." *Peterson v. Dillon,* 27 Wash. 78, 67 Pac. 397 [1901]; *Davis v. Bartz,* 65 Wash. 395, 118 Pac. 334 [1911]. The general statute governing the commencement of actions passed at the same session of the legislature (Laws 1893, p. 407, § 1) declared:

"Civil actions in the several superior courts of this state shall be commenced by the service of a summons, as hereinafter provided."

The last quoted section was amended in 1895 [RCW 4.28.010], to read as follows:

"Civil actions in the several superior courts of this state shall be commenced by the service of a summons, as hereinafter provided, or by filing a complaint with the county clerk as clerk of the court: Provided, that unless service has been had on the defendant prior to the filing of the complaint, the plaintiff shall cause one or more of the defendants to be served personally, or commence service by publication within ninety days from the date of filing the complaint."

Unless the special statute [RCW 60.04.100] was, by implication, also amended by the amendment of the general statute governing commencement of actions, thus extending the life of the lien merely by filing a complaint, it is plain that the lien is lost as to any necessary defendant who is not served with summons within the eight months.

The owner of property subject to a mechanics' lien at the time of suit is a necessary party to an action to foreclose the lien. The proceeding to establish and foreclose the lien is, in a sense, *in rem.* Jurisdiction of the

subject matter can only be acquired by service, actual or constructive, upon the owner of the interest sought to be subjected and within the statutory life of the lien.

. . .

. . . We have also repeatedly held—and the holding was inevitable—that, under the provisions of [RCW 4.28.010] above quoted, the filing of the complaint is not the commencement of an action but only a tentative commencement, wholly abortive unless followed by personal service on one or more defendants, or by the commencement of service by publication within ninety days. "Both must exist before the action is commenced." *Deming Inv. Co. v. Ely*, 21 Wash. 102, 57 Pac. 353 [1899]; . . .

When it is remembered that [RCW 60.04.100] is not a mere statute of limitations limiting the time of commencing actions, but fixes a limit to the very existence of the lien, it is palpable that no action to foreclose a mechanics' lien can be deemed commenced until the *necessary parties to its maintenanc*e have been served either personally or by publication of summons. It would seem, also, that this must be done within the eight months of the statutory life of the lien, because jurisdiction of such parties, under the foregoing decisions, is an essential to any action "to enforce such lien" which is the kind of action which must be *commenced within that time* under the terms of the statute. The life of the lien, as fixed by the special statute on that subject, cannot be held to be extended for ninety days merely by the filing of a complaint within the eight months, though followed by service after the eight months but within ninety days as required by the general statute as to commencement of actions subsequently passed. No such implication is necessary, since the filing of the complaint and the service or publication of summons thereafter at any time within ninety days may both be accomplished within the eight months of the life of the lien, thus giving scope for the operation of all the provisions of the general statute [RCW 4.28.010], without extending the statutory life of the lien as fixed by the special statute [RCW 60.04.100]. Since the implication is not necessary, we cannot indulge it. It follows that personal service must be made upon, or service by publication must be commenced against, such necessary parties within eight months after the lien is filed, else the court acquires no jurisdiction to enforce the

lien. We have in effect so held in *Rees v. Wilson* [50 Wash. 339, 97 P. 245 (1908)], and *Davis v. Bartz, supra.*

It is interesting to note that Division Two of the Court of Appeals, in *Galvanizer's Co. v. State Highway Comm'n,* 8 Wn. App. 804, 509 P.2d 73 (1973), having the same problem as present herein, applied the rule of *City Sash & Door Co. v. Bunn, supra.* The trial courts have been applying the rule, the appellate courts have been applying the rule and, after 57 years of precedent, this court has determined it will overrule this precedent. How is a practicing attorney to advise his client, or how is the superior or appellate court to apply precedent, if the precedent is changed without a good reason therefor?

Given the unique nature of lien rights granted a materialman (*i.e.,* to impose a "secret" charge upon land which need not be filed in the public records until 90 days after completion of deliveries, RCW 60.04.060), it is an entirely appropriate policy to require the lien claimant to comply strictly with the rules prescribed in *City Sash & Door Co.* and related cases. Lenders and others dealing with real property have justifiably relied on these rules for 57 years and the majority in its opinion has advanced no reason whatever for destroying this certainty and predictability of the lien laws.

Under the interpretation of the majority, a lien claimant may file a summons and complaint and need not serve the owner of the property for as long as 1 year, and the property owner may not be aware of the lien unless he attempts to sell the property or requests a title search. The only limitation is that the lien claimant must perfect his lien to a judgment within 2 years. One of the most common and legitimate complaints against the courts is the long delay in processing a case to final determination. The majority, by today's ruling, gives judicial approval to further delay.

I would affirm the trial court and the Court of Appeals,

and I would adhere to the precedent well established for 57 years.

HALE, C.J., and HUNTER and STAFFORD, JJ., concur with ROSELLINI, J.

Petition for rehearing denied August 5, 1974.