[No. 2222-3.   Division Three.   May 25, 1978.]

FARMERS FINANCIAL SERVICE CO., *Appellant,* v. CARL E. HURLBURT, ET AL, *Respondents.*

*Lyon, Beaulaurier, Aaron, Weigand & Suko* and *W. L. Weigand, Jr.,* for appellant.

*Ries & Kenison, Darrell E. Ries,* and *Martin Snodgrass,* for respondents.

MUNSON, C.J.—The sole issue in this appeal is the time period in which a landlord must bring an action to enforce a lien on crops for rent due under a recorded lease of farmland pursuant to RCW 60.12. We hold an action must be brought within 8 months after the rent is due, and affirm.

On April 25, 1975, the Hurlburts entered into a lease whereby they agreed to lease farmland in Grant County from Income Development, Inc. The lease was recorded May 12, 1975. The lease stated in part:

1. *Term*: The term of this Lease shall be for the period of the 1975 crop year, commencing on the date hereof, and ending on the first day of December, 1975, or at such time as all crops have been harvested from the premises during the last crop year hereof, whichever date occurs sooner.

. . .

3. *Rental*: The Lessee hereby agrees to pay to the Lessor, as rental for the premises during the term hereof, the amounts and in the manner following:

For the crop year, 1975, the rental shall be the sum of Seventeen Thousand Dollars ($17,000.00), payable within thirty (30) days after harvest of the crops grown upon the premises during the crop year, 1975, or by the first day of December, 1975, whichever date occurs sooner; . . .

or a specified share of the crops grown on the premises if greater than $17,000.

The Hurlburts purchased seed and other materials on credit from Farmers Financial Service Co., signing a promissory note and security agreement May 7 and 8, 1975. The security agreement was recorded May 14, 1975. The Hurlburts grew both wheat and corn on the leased land. They harvested the wheat and in August 1975 transported it to Logan's Feed, Inc., which sold the wheat to a grain elevator. Logan's Feed, Inc., which had no knowledge of either the landlord's lien or the security agreement, paid the proceeds from the sale to the Hurlburts. The Hurlburts finally completed harvest of the corn in February or March of 1976 and sold it to Columbia Producers, Inc., which tendered the money due on the sale to the court. The Hurlburts failed to pay the rent due under the lease agreement and the promissory note.

On March 11, 1976, Farmers Financial Service Co. commenced this action against both the Hurlburts and Logan's

Feed to recover on the promissory note and for enforcement of the security agreement. On April 27, 1976, Income Development, Inc., answered and filed a third–party cross claim for a lien foreclosure on the crops in order to recover the rent due under the lease. The trial court held that the landlord lien was superior to the security interest on the basis that the landlord's action was commenced within 8 months after the rent was due. Farmers Financial Service Co. appeals this judgment.

■ A landlord is entitled to a lien on crops grown on the leased premises that year. RCW 60.12.020; *accord, Ellingsen v. Western Farmers Ass'n,* 12 Wn. App. 423, 529 P.2d 1163 (1974). If the farm lease is recorded with the county auditor, that recordation constitutes "notice of claim of lien for rent during the first three years of the leasehold period, . . ." RCW 60.12.040. Consequently, if the landlord records the lease, he need not file a claim of lien in order to be entitled to a lien on the crops for the rent due for the year the crops are grown. *DeBoe v. Prentice Packing & Storage Co.,* 172 Wash. 514, 20 P.2d 1107 (1933); *Ankeny v. Pomeroy Grain Growers, Inc.,* 170 Wash. 1, 15 P.2d 264 (1932); *State ex rel. Pacific Coast Elevator Co. v. Superior Court,* 169 Wash. 247, 13 P.2d 900 (1932).

If the lease is not recorded, in order to have a valid lien on the crops, the landlord must file a claim of lien with the county auditor "on or before" June 1 of the year in which the crops are grown. RCW 60.12.040. A lien for rent is valid whether the rent is to be paid with cash or with a portion of the crop to be harvested. *DeBoe v. Prentice Packing & Storage Co., supra.* A landlord's lien for rent is superior to any other lien except a seed lien or a labor lien (neither are involved here). RCW 60.12.030. RCW 60.12.080 states in pertinent part:

> No lien shall bind a crop for a longer period than eight calendar months after the claim was filed, unless an action is commenced within that time to enforce it . . .

Thus, if a landlord does not record his lease, but files a claim of lien, he must commence an action to foreclose that

lien within 8 months of that filing to enforce the lien on the crop for the rent due in the year that the crop was grown. RCW 60.12.080.

Although the recordation of a lease acts to establish a lien for rent due in the year that the crops are grown, the legislature has deemed that a landlord who records the lease shall be placed in a preferred position as compared with a landlord who does not record but merely files a claim of lien. The recordation of the lease constitutes notice of a claim of lien for the first 3 years of the leasehold. RCW 60.12.040.

There is a legislative void, however, as to the time in which a landlord who had recorded a lease must bring an action to foreclose his lien. It is necessary that there be a specific time period within which a landlord must bring such an action. To allow the landlord to bring an action at any time within 3 years of the time in which the rent was due would be inequitable as to others who may have a claim against the tenant's crops. Further, this court in *Ellingsen v. Western Farmers Ass'n, supra,* stated that a landlord must foreclose his lien for rent only on the crops grown in the year that the rent was due.

We believe the legislature intended, by giving preferential treatment to a landlord who has recorded his lease, that the landlord commence an action to foreclose his lien within 8 months after the rent was due for the year in which the crops were grown. Here, the rent was due either the first of December 1975 or when the crops were harvested, whichever date occurred first. We find that the rent was due December 1, 1975, even though the Hurlburts did not complete harvest of the crops until February or March 1976.[1] Therefore, the landlord, Income Development, Inc., was required to commence its action against the Hurlburts to foreclose the lien for rent within 8 months from that

---

[1]The facts indicate the parties contemplated completing harvest before the end of 1975; irrigation problems evidently caused the delay.

date; it did so by its answer and third–party cross claim on April 27, 1976. Thus, they were within the 8–month lien foreclosure period. The trial court properly concluded that the landlord lien of Income Development, Inc., was superior to the security interest of Farmers Financial Service Co.

Judgment affirmed.

MCINTURFF and ROE, JJ., concur.