[No. 2622–3.   Division Three.   March 29, 1979.]

J. R. SIMPLOT COMPANY, *Respondent*, v. ALTON VOGT, ET AL, *Defendants*, ROBERT BATES, *Appellant.*

*Miller, Sackman & Kagele* and *W. Walters Miller*, for appellant.

*Ries & Kenison, Darrell E. Ries,* and *Larry W. Larson,* for respondent.

McInturff, J.—Defendant, Robert Bates, appeals a summary judgment dismissing his seed lien foreclosure.

The undisputed facts are simple. Defendant supplied Alton and Jeffrey Vogt and their respective spouses potato seed in the spring of 1975. Within the statutory period, defendant filed his notice of seed lien. Harvesting of the potato crop terminated November 16, 1975. In March 1976, plaintiff commenced suit to foreclose[1] a security agreement given by the Vogts on the potato crop to secure payment for chemicals and other items. Defendant was named as a lien claimant and was served March 26, 1976. On May 21, defendant appeared through his attorney. On June 17, he filed and served his answer, cross complaint, and counterclaim seeking foreclosure of his seed lien. Plaintiff successfully moved for summary judgment declaring, among other things, that defendant's lien had expired.

The sole issue is whether defendant must commence his lien foreclosure by filing an answer, cross claim, or counterclaim within the statutory life of the lien as set forth in RCW 60.12.080, *i.e.*, within 6 months of November 16, 1975.[2] We hold in the affirmative.

---

[1]The dispute between the parties as to whether the plaintiff's action was a lien foreclosure or an action to enforce a security agreement is immaterial to our disposition.

[2]RCW 60.12.080 provides in part:

■ Counsel for defendant assumes, and we in light of RCW 60.12.090 concur, that the mechanics' lien statute and the case law construing it contain the answer to the issue presented. A defendant in a lien foreclosure or action to enforce a security agreement in order to avoid the automatic expiration of his lien rights must commence foreclosure of his lien by answer, cross claim, or counterclaim within the statutory period. *City Sash & Door Co. v. Bunn,* 90 Wash. 669, 675–77, 156 P. 854 (1916); *see also Powell v. Nolan,* 27 Wash. 318, 67 P. 712, 68 P. 389 (1902). Although *City Sash & Door*'s archaic requirement of both filing and service of the counterclaim or cross claim within the statutory period was overruled in *Curtis Lumber Co. v. Sortor,* 83 Wn.2d 764, 522 P.2d 822 (1974), in favor of commencement pursuant to CR 3,[3] the requirement of commencement during the statutory period remains.[4] The cases from other jurisdictions relied upon by the defendant are therefore not persuasive.

The judgment of the Superior Court is affirmed.

GREEN, C.J., and ROE, J., concur.

Reconsideration denied May 4, 1979.

Review granted by Supreme Court August 22, 1979.

---

"No lien shall bind a crop for a longer period than eight calendar months after the claim was filed, unless an action is commenced within that time to enforce it: . . . *Provided further,* That a lien for seed shall not expire until six months after th⸛ crop from said seed has been harvested or until after two years from filing, whichever is the shorter time: . . ."

[3]The full impact of *Curtis* was vitiated by a 1975 amendment to RCW 60.04-.100 which provides in part:
[A]n action to enforce such lien shall not be timely commenced unless the filing of summons and complaint . . . shall be made prior to the expiration of the eight month period, and service of the summons and complaint shall be made upon all necessary parties personally, or by commencement of service by publication, not later than ninety days after the filing of the summons and complaint.

[4]*See Farmers Financial Serv. v. Hurlburt,* 20 Wn. App. 214, 217–18, 579 P.2d 396 (1978).