DOROTHY WILLIAMS *v.* CARL W. DUMAIS, JR., ET AL.

SUPERIOR COURT      HARTFORD COUNTY      FILE NO. 207450

Memorandum filed June 28, 1977

*William V. Dworski,* for the plaintiff.

*Butler, Volpe & Sacco,* for the named defendant.

*Halloran, Sage, Phelan & Hagarty,* for the defendant Wilkes.

GRILLO, J.   The plaintiff instituted an action against the defendants Wilkes and Dumais alleging injuries resulting from a collision involving the vehicles of both defendants.   Wilkes, in addition to his answer, has set forth against the defendant Dumais a pleading entitled "cross complaint" seek-

ing recovery of damages for damage to his vehicle. The parties concede that the pleading is a cross claim. The defendant Dumais has filed a special defense alleging that the "cross complaint was not brought within two years from the date of the accident and that the cause of action is therefore barred by § 52-584 of the Connecticut General Statutes."[1] In his reply to the special defense Wilkes denies only that latter allegation, claiming that the "cross complaint" was interposed before the pleadings were closed. The crux of this argument is that his cross claim is entitled to the same status as a counterclaim, that is that § 52-584 justifies his action because the pleadings between him and Dumais are not finally closed. He cites § 78[2] of the Practice Book which allows cross claims by a defendant against other defendants.

Following the closing of pleadings in the present case, the defendant Dumais filed a motion for a summary judgment. Since Wilkes and Dumais are not in dispute as to the facts as

[1] "[General Statutes] Sec. 52-584. LIMITATION OF ACTION FOR INJURY TO PERSON OR PROPERTY. No action to recover damages for injury to the person, or to real or personal property, caused by negligence, or by reckless or wanton misconduct, or by malpractice of a physician, surgeon, dentist, podiatrist, chiropractor, hospital or sanatorium, shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action may be brought more than three years from the date of the act or omission complained of, except that a counterclaim may be interposed in any such action any time before the pleadings in such action are finally closed."

[2] "[Practice Book] Sec. 78. SUPPLEMENTAL PLEADINGS; COUNTERCLAIMS. Supplemental pleadings showing matters arising since the original pleading may be filed in actions for equitable relief, by either party. In any action for legal or equitable relief, any defendant may file counterclaims against any plaintiff and cross claims against any codefendant provided each such counterclaim and cross claim arises out of the transaction or one of the transactions which is the subject of the plaintiff's complaint; and if necessary, additional parties may be summoned in to answer any such counterclaim or cross claim."

set forth in Dumais' special defense, the only issue is one of law, that is, whether § 52-584 permits cross claims to be interposed between the codefendants before the pleadings are closed and thus, pragmatically and legally speaking, shields the suing codefendant Wilkes from a claim that the statute of limitations has run as it shields one who proffers a "counterclaim." Wilkes contends that a "cross claim" is encompassed within the "counterclaim" terminology of § 52-584 and that, since the pleadings have not been closed as to his action against Dumais, he is entitled to a late filing beyond the normal statute of limitations period.

"The New York Code of Procedure as amended in 1850, for the first time, we believe, made use of the term 'counterclaim' as applied to matter which a defendant might plead for his protection against the plaintiff's demand. . . . This term has since been incorporated into all the code practice systems of the country. In most jurisdictions it is employed with the same comprehensive meaning that was first given to it in New York. . . . The term itself is a general and comprehensive one, naturally including within its meaning all manner of permissible counterdemands." *Boothe* v. *Armstrong,* 76 Conn. 530, 532.

The word "counter" has been defined to mean "serving to answer . . . or challenge the action of another . . . ." As a prefix it has been defined as "opposing," "answering." See Webster, Third New International Dictionary. "Counterclaim" has been defined as "[a] claim which, if established, will defeat or in some way qualify the judgment or relief to which the plaintiff is otherwise entitled . . . ; a counter demand or a cause of action existing in favor of the defendant against the plaintiff, on which the defendant might have secured

affirmative relief had he sued the plaintiff in a separate action. . . ." Ballentine's Law Dictionary (3d Ed.).

Generally speaking, a counterclaim is a cause of action asserted by one or more defendants against one or more plaintiffs while a cross claim is asserted against one or more codefendants. *Seligson* v. *Chase Manhattan Bank,* 50 App. Div. 2d 206 (N.Y.). "Cross-claims are litigated by parties on the same side of the main litigation, while counterclaims are litigated, as here, between the opposing parties to the principal action." *Resource Engineering, Inc.* v. *Siler,* 94 Idaho, 935, 939n.

The action of the defendant Wilkes is affirmative and not in opposition to any litigant's position. It is initiatory. It does not oppose. It is not designed to protect him from a claim against him.

This court cannot extend § 52-584 by judicial fiat. "In this situation the applicable rule of statutory construction is that the intention of the legislature as expressed by it must control the action of the judiciary . . . ." *Grace Hospital Society* v. *New Haven,* 119 Conn. 146, 154. It should be pointed out that while this question was not raised by either party, it is questionable, even if the cross claimant's contentions are assumed to be valid, that this cause of action is litigable in these proceedings. See *Puleo* v. *Goldberg,* 129 Conn. 34.

The motion for summary judgment is granted.