[No. 46333. En Banc. February 7, 1980.]

J. R. SIMPLOT COMPANY, *Respondent,* v. ALTON VOGT, ET AL, *Defendants,* ROBERT BATES, *Petitioner.*

*Miller, Sackmann & Kagele* and *Richard M. Miller,* for petitioner.

*Ries & Kenison, Darrell E. Ries,* and *Larry W. Larson,* for respondent.

DOLLIVER, J.—Plaintiff Simplot furnished goods, wares and merchandise to defendant Vogt Farms in the spring of 1975. To secure payment, Vogt gave plaintiff a security interest in its potato crop. Plaintiff's security interest was perfected on April 25, 1975.

Meanwhile, Bates, at the written request of Vogt, delivered seed potatoes to Vogt, beginning March 6 and ending May 17, 1975. On July 16, 1975, Bates filed a claim of a seed lien upon the potatoes for the seed delivered. This lien was valid until 6 months after the crop from the seed had been harvested or until 2 years from filing, whichever was the shorter time. RCW 60.12.080. The last day of the potato harvest was November 16, 1975.

Vogt defaulted on its payments and on March 17, 1976, plaintiff commenced an action to foreclose its security interest. Bates was made a party and was served with summons and complaint on March 26, 1976, less than 6 months after the potato harvest. The summons informed Bates he had 60 days to answer the complaint. Bates appeared by his attorney on May 21, 1976. His answer, cross claim and counterclaim which sought to foreclose his seed lien was filed and served on June 21, 1976.

Plaintiff then filed a motion for summary judgment contending Bates had failed to commence an action within 6 months after the last day of harvest (RCW 60.12.080) and that in order to preserve his seed lien Bates was required to commence his lien foreclosure by filing an answer, cross claim or counterclaim before the statutory life of the lien, *i.e.*, within 6 months of November 16, 1975. The trial judge granted the motion for summary judgment. The Court of Appeals affirmed. *J.R. Simplot Co. v. Vogt*, 23 Wn. App. 24, 592 P.2d 1128 (1979). We reverse.

The question before us is whether Bates had to commence his lien foreclosure by filing an answer, a cross claim or a counterclaim within the statutory period or lose his lien rights, or whether his rights were preserved by the actions of plaintiff in joining him as a party. From the record and the briefs it is apparent some confusion has existed as to the nature of plaintiff's action. It appeared at least through the trial court proceedings and in the briefs to the Court of Appeals that both parties considered it to be an action to enforce a farm crop lien under RCW 60.12.

However, in a supplemental brief to the Court of Appeals, plaintiff states it is not a statutory lien claimant under RCW 60.12, but rather a secured party under RCW 62A.9; that its action was commenced thereunder; that it was not required to join Bates in the action; and that, therefore, an analysis of this case under RCW 60.12 is inappropriate.

We agree that plaintiff was a secured party under RCW 62A.9 and thus unable to foreclose its security interest under RCW 60.12 which specifically pertains to labor, landlord and seed liens on farm crops. However, the fact that plaintiff did not foreclose under RCW 60.12 is immaterial. What is material is that plaintiff in its actions to foreclose its security interest under RCW 62A.9.501(1) did join Bates and thus of its own volition commenced the action which gave rise to the question regarding the lien rights of Bates.

RCW 60.12.080 states:

No lien shall bind a crop for a longer period than eight calendar months after the claim was filed, unless an action is commenced within that time to enforce it . . . *Provided further,* That a lien for seed shall not expire until six months after the crop from said seed has been harvested or until after two years from filing, whichever is the shorter time . . .

CR 3 provides for a commencement of actions by the service of a summons or the filing of a complaint. Plaintiff served Bates and filed its action in which it joined Bates within the 6-month statutory period prescribed in RCW 60.12.080. Bates responded by filing his answer, counterclaim or cross claim in a timely manner to the complaint of plaintiff.

Plaintiff asserts there is no mandatory joinder of Bates under RCW 62A.9, but concedes it was aware of his seed lien and named him as a party in order to adjudicate the rights between them. This it was entitled to do. *See* CR 20. Once plaintiff chose to join Bates in its RCW 62A.9.501(1)

action to foreclose its security interest, it became bound by the consequences of the act.

In *Curtis Lumber Co. v. Sortor,* 83 Wn.2d 764, 522 P.2d 822 (1974), we held RCW 60.04.100, which concerns mechanic's liens but is comparable in its relevant aspect to RCW 60.12.080, to be a statute of limitation on the duration of the lien rather than a limit on the existence of the lien. We extend the rule in *Curtis* to liens on farm crops under RCW 60.12. Thus, the lien does not expire so long as the period under the statute of limitation has not expired.

Even though Bates did not file his answer, cross claim or counterclaim until well after the 6-month period, the rule in this state and in the majority of jurisdictions is that, if a counterclaim is not barred by the statute of limitation at the commencement of the action in which it was pleaded (the situation here), it does not become barred even though the full statutory period expires during the pendency of the action. *Shelton v. Conant,* 10 Wash. 193, 38 P. 1013 (1894). *See Lewis v. Merrill,* 228 Ore. 541, 365 P.2d 1052 (1961). *Compare* 2 Hill's Statutes and Codes of Washington, *Commencement of Actions, and Pleadings,* Title 5, ch. 5, § 195, at 108 (1891); and CR 13.

The rights of Bates were preserved by the action of plaintiff in joining him as a a party; his seed lien has not expired.

Reversed.

UTTER, C.J., and ROSELLINI, STAFFORD, WRIGHT, BRACHTENBACH, HOROWITZ, HICKS, and WILLIAMS, JJ., concur.