[No. 28610-2-I.   Division One.   July 13, 1992.]

ROBERT STEINBERG, *as Trustee, Appellant,* v. SEATTLE-FIRST NATIONAL BANK, *Respondent.*

---

*Chris R. Youtz* and *Sirianni & Youtz,* for appellant.

*Richard A. Derham* and *Davis Wright Tremaine,* for respondent.

FORREST, J. — Robert Steinberg, bankruptcy trustee for Westwood Lumber, Inc. (herein referred to as Westwood), claims the court erred in (1) dismissing the first cause of action, which asserted that Seattle-First National Bank (Sea-First) breached its contract with Westwood, finding Westwood failed to show any evidence of a breach, and (2) dismissing the remaining causes of action, finding the claims were barred by the running of the statute of limitations. We disagree and affirm.

The issues in this appeal began when Sea-First brought suit against Westwood and Mr. and Mrs. Yonich, the sureties of the money loaned to Westwood. The underlying facts of the dispute have been well reported in two prior appeals on this case and need not be repeated here. In *Seattle-First Nat'l Bank v. Westwood Lumber, Inc.*, 59 Wn. App. 344, 796 P.2d 790 (1990) (herein referred to as *Westwood* I), *review denied*, 116 Wn.2d 1003 (1991), this court held that Sea-First could seek voluntary dismissal of its claims against Westwood, then in bankruptcy, without violating the automatic stay provisions of the bankruptcy code.[1] In *Seattle-First Nat'l Bank v. Westwood Lumber, Inc.*, 65 Wn. App. 811, 829 P.2d 1152 (1992) (herein referred to as *Westwood* II), this court reversed a lower court judgment in favor of the Yoniches, holding the Yoniches may not rely on principles of "good faith" or "course of dealing" to modify the written agreement between the parties.

Neither Westwood nor the Yoniches asserted any counterclaims in the previous actions. Following Sea-First's voluntary dismissal of its claims, however, Westwood commenced this suit against Sea-First, essentially asserting claims that were argued by the Yoniches as affirmative defenses in *Westwood* II. The holding in *Westwood* II, which followed precedent established by the Supreme Court in *Badgett v. Security State Bank*,[2] is dispositive of Westwood's claim that the trial court erroneously dismissed the first cause of action.[3] The issue before us is whether the statute of limitations bars the remaining causes of action.[4]

---

[1] 11 U.S.C. § 362.

[2] 116 Wn.2d 563, 807 P.2d 365 (1991).

[3] Assuming without deciding that a 6-year statute of limitations applies, Westwood's first cause of action was properly dismissed for failure to state a claim.

[4] Causes two through seven and the corresponding limitation periods are: (2) breach of implied contract, 3 years; (3) violation of Consumer Protection Act, 4 years; (4) negligence, 3 years; (5) breach of fiduciary duty, 3 years;

■ The statute of limitations does not prescribe a period for the filing of counterclaims for the obvious reason that counterclaims are not independent lawsuits. When causes of action are asserted as counterclaims, rather than as claims in a plaintiff's lawsuit, the time for filing is governed by CR 13(a) and CR 15(c).[5] Westwood acknowledges that the applicable statute of limitations has run on these claims unless it can exclude from the computation of time the period during which Sea-First's suit versus Westwood was pending. There is no statutory basis for this exclusion nor is any asserted. Accordingly, it must be based either on court rule or case law. Neither supports the result.

Westwood's claim was not barred at the time that Sea-First filed and immediately prior to such filing Westwood could have asserted its claim as an independent cause of action in a suit with Westwood as plaintiff and Sea-First as defendant, just as it does here. Westwood asserts it has acquired a substantial extension of the statute of limitations for a new suit because it was sued, although it failed to assert a counterclaim before that suit was dismissed after lying dormant for several years. This claim is untenable. The statute of limitations expired while Sea-First's case was pending. However, even after that date, Westwood could have asserted a counterclaim because of the explicit provisions of CR 15(c). Significantly, this rule says nothing about "tolling". Nor has any case held CR 15(c) to "toll" the statute when the statute of limitations is being applied in a subsequent lawsuit.

■ While courts frequently talk about the statute of limitations being "tolled" or "suspended" for purposes of CR 15(c) we do not think that is strictly correct. It is rather that the

---

(6) breach of covenant of good faith, 3 years; and (7) interference with economic relations, 3 years. For convenience we will refer to them collectively as Westwood's claim or counterclaim.

[5]"Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading." CR 15(c) in part.

filing of the original lawsuit satisfies the requirements of the statute of limitations both as to the claim as originally stated, or as it may be amended, and also as to any counterclaims within the lawsuit.[6] The effect of the rule, however, is limited to precluding assertion of the time limits of the statute of limitations within the confines of the pending lawsuit.

It is obvious that when a plaintiff commences a suit within the period provided by the statute of limitations, the statute is satisfied. However, "[w]here an original action is dismissed, a statute of limitations is deemed to continue to run as though the action had never been brought." *Logan v. North-West Ins. Co.*, 45 Wn. App. 95, 99, 724 P.2d 1059 (1986).[7] It would not avail a plaintiff to argue that while his lawsuit was pending CR 15(c) would allow him to file an amended cause of action which would otherwise be barred by the statute of limitations and, therefore, after his lawsuit is dismissed he is entitled to exclude the period during which his lawsuit was pending from computing the time under the statute of limitations for a new lawsuit. It would be a strange rule that would forbid the plaintiff from excluding the period of time during which his lawsuit was pending when following dismissal he files a new lawsuit on the same subject, but allow a defendant who has never even asserted

---

[6]Although not material to the decision of this case, we note that if the statute has run on the counterclaims prior to the filing of the plaintiff's suit, a filing does not permit assertion of the counterclaims. Regarding the federal equivalent to CR 15(c) it is said, "if defendant's claim already is barred when plaintiff brings suit, the notion of tolling the statute is inapplicable and the fact that the tardily asserted claim is a compulsory counterclaim does not serve to revive defendant's right to assert it." 6 C. Wright, A. Miller & M. Kane, *Federal Practice* § 1419 (1990).

[7]In *Logan* the court clearly stated that this is the general rule for statutes of limitations which also applies to insurance policy limitations. *Logan*, at 99. *See also Fittro v. Alcombrack*, 23 Wn. App. 178, 596 P.2d 665, *review denied*, 92 Wn.2d 1029 (1979). Westwood's attempt to dismiss as a mere "coincidence" that the plaintiff's claim had been dismissed as to the one served defendant before the second defendant had been served is unpersuasive. The court rejected the plaintiff's attempt to exclude from the calculation of the limitation period the time the suit was pending against the first defendant.

his counterclaim to exclude the same period of pendency when he later files as a plaintiff.

However, even using "tolling" language, *Nearing v. Golden State Foods Corp.*[8] is instructive as to why Westwood is not entitled to deduct the period of time during which the lawsuit was pending in calculating the period of the statute of limitations. In analyzing an analogous situation the court explained:

> The plain language of the statute clearly states that for the purpose of tolling any statute of limitations an action shall be deemed commenced when the complaint is filed or summons is served. Therefore, service of a summons alone is adequate to toll the statute of limitations conditioned upon the plaintiff filing the summons and complaint within 90 days of the service of the summons. If following service of the summons, the complaint and summons are not so filed, or following filing of the complaint, service of the summons is not so made, then the action is not deemed commenced and the statute of limitations is not deemed to have been tolled. In effect, the statute provides a 90-day "catch up" or grace period within which to comply with all its requirements.

*Nearing v. Golden State Foods Corp., supra* at 822. We find the filing of Sea-First's complaint analogous to the service of the summons, the pendency of the lawsuit analogous to the 90 days during which the statute of limitations can be satisfied by filing the complaint, and the termination of the lawsuit analogous to the expiration of the 90 days. While Sea-First's suit was pending Westwood was given the right to file its counterclaims without the statute of limitations acting as a bar. When the suit was dismissed the statute of limitations is not deemed to have been tolled.

Westwood's reliance on *Tallman v. Durussel*[9] is misplaced. The court there stated, " ' "the institution of plaintiff's suit tolls or suspends the running of the statute of limitations governing a *compulsory counterclaim*." ' " (Italics ours.) *Tallman*, at 187 n.3 (quoting *Burlington Indus., Inc. v. Milliken & Co.*, 690 F.2d 380, 389 (4th Cir. 1982)). It is obvious

---

[8]114 Wn.2d 817, 822, 792 P.2d 500 (1990).

[9]44 Wn. App. 181, 721 P.2d 985, *review denied*, 106 Wn.2d 1013 (1986).

from the *Tallman* quote, and examination of the *Burlington* opinion, that the *Tallman* court merely acknowledged the rule enunciated in CR 15(c) that allows the filing date of a compulsory counterclaim to relate back to the filing date of the plaintiff's claim. *Tallman* clearly did not enunciate a rule that pendency of a plaintiff's lawsuit entitles the defendant to exclude the period of pendency from the statute of limitations when he asserts what could have been a counterclaim in that litigation as an independent cause of action in a new lawsuit.

■ Westwood places great weight on the fact that Sea-First would suffer no prejudice by allowing Westwood's claims to proceed to trial. Prejudice is immaterial when the statute of limitations has run. Avoiding prejudice is the basis for allowing counterclaims to relate back in CR 15(c). One of the plain purposes of CR 15(c) is to prevent injustice to a defendant by depriving him of valid defenses.[10] Absent such a rule, a plaintiff could wait until just prior to the expiration of the statute of limitations to file, leaving the defendant insufficient time to file a counterclaim before the statute of limitations ran on his counterclaim. CR 15(c) applies equally to plaintiffs and defendants. Once a lawsuit is filed the rule allows either party to assert claims or counterclaims growing out of the same transaction.[11] Once the lawsuit is terminated without assertion and litigation of the defendant's counterclaim,[12] any possible unfairness to

---

[10]*See J.R. Simplot Co. v. Vogt*, 93 Wn.2d 122, 605 P.2d 1267 (1980).

[11]Westwood had the opportunity to file these claims as counterclaims and take advantage of CR 15(c). Westwood knew of the claims and expressed an intention to file them. It is conceded that there was no impediment to Westwood securing permission from the referee in bankruptcy to assert and pursue its counterclaims. One reason for the delay appears to be the expectation of being able to use a favorable result in Sea-First's suit against the Yoniches as collateral estoppel in Westwood's claims against Sea-First. While such result was achieved at the trial level, it has been frustrated by this court's ruling in favor of Sea-First in that litigation.

[12]If Westwood had asserted its counterclaim, as it said it planned to do, Sea-First could not then secure a voluntary dismissal. CR 41(a)(1)(B)(3).

the defendant from the operation of the statute of limitations is eliminated. The applicable statute of limitations applies to either party who then chooses to institute a new suit. Westwood's construction would be directly contrary to the primary policy of the statute of limitations by giving the previous defendant a "windfall" of extra time to file suit as a plaintiff.

In summary we hold that when a cause of action which would constitute a compulsory counterclaim in pending litigation is not asserted in that litigation, but is subsequently filed as a plaintiff's claim in an independent lawsuit, such lawsuit stands on its own as far as the statute of limitations is concerned. The plaintiff may not exclude from the computation of the limitation period the duration of the previous lawsuit.

Sea-First was awarded attorney's fees below and has requested an award on appeal. Westwood does not address this issue and an award is appropriate. The summary judgment is affirmed and this matter is referred to a commissioner of this court to award fees pursuant to RAP 18.1.

KENNEDY and AGID, JJ., concur.