[No. 33594-4-I.   Division One.   December 12, 1994.]

SAMUEL S. PEARL, *Respondent*, v. A. GRAHAM GREENLEE, *Defendant*, FRANK S. MESHER, *Appellant*.

*Gerald L. Bopp*, for appellant.
*Robert H. Stevenson*, for respondent.

PER CURIAM. — Dr. Frank Mesher appeals the superior court order quashing a medical lien claimed by Mesher. We accelerate review pursuant to RAP 18.12 and affirm.

I

In September 1987, Sam Pearl was injured when, while driving, the rear wheels of his motorhome came off.

In September 1990, Pearl sued Costco Wholesale, the business that installed the wheels, in King County Superior Court. Pearl was initially represented by Archie Greenlee. The case was later turned over to A. Graham Greenlee, Archie's son.

In May 1992, Costco and Pearl settled the action for $25,000.

On June 23, 1992, before the funds were disbursed, Mesher filed a $4,040 medical lien on the settlement proceeds, pursuant to RCW 60.44.010. The statute provides in part:

> Every . . . physician . . . rendering service . . . for any person who has received a traumatic injury and which is rendered by reason thereof shall have a lien upon any claim, right of action, and/or money to which such person is entitled against any tort-feasor and/or insurer of such tort-feasor for the value of such service, together with costs and such reasonable attorney's fees as the court may allow, incurred in enforcing such lien . . . ..

Upon receiving $8,687 in attorney fees, Greenlee refused to release any of the balance, approximately $16,000, without settlement of Mesher's claim. Pearl, however, contested Mesher's claim, contending Mesher did not provide medical services. Accordingly, Greenlee held the entire balance of the proceeds in his trust account.

On October 9, 1992, Pearl filed a complaint for recovery of monies and for determination of medical lien naming Greenlee and Mesher as Defendants. Pearl requested that Greenlee pay everything but the $4,040 into the court registry. As against Mesher, Pearl's complaint sought "resolution" of the lien claim.

On December 22, 1992, a superior court judge ordered Greenlee to pay Pearl the balance of the proceeds, less $4,040, which the court ordered paid into the registry of the court.

Six months passed without action taken by either Pearl or Mesher. On July 22, 1993, Pearl filed a motion to quash the medical lien "for the reason that one year has elapsed since said claim for lien was filed and the same is now outlawed[.]" The supporting declaration states that Mesher had not filed a counterclaim or cross claim.

On August 11, 1993, a commissioner in the ex parte department of the superior court entered an order quashing the lien and directing that the $4,040 held in the court registry be paid to Pearl.

Mesher moved to revise the commissioner's order. The court revised and vacated the commissioner's ruling "as improperly noted". In addition, the court ruled that "Plaintiff's motion on the merits is granted and Mesher's lien rights are quashed." Accordingly, the court ordered the $4,040 be paid to Pearl through counsel. Finally, the court awarded Mesher $250 against Pearl for terms.

On October 29, 1992, Mesher filed a notice of appeal of the order.

On November 3, 1993, Mesher filed an answer and counterclaim; the counterclaim sought to foreclose the lien.

## II

Because statutes creating liens are in derogation of common law, a person claiming the benefit of a statutory lien carries the burden of proving the right to it. This burden includes a showing that the lien claimant has "complied strictly with the provisions of the law that created it". *Pacific Erectors, Inc. v. Gall Landau Young Constr. Co.*, 62 Wn. App. 158, 168, 813 P.2d 1243 (1991) (citing *Pacific Gamble Robinson Co. v. Chef-Reddy Foods Corp.*, 42 Wn. App. 195, 198, 710 P.2d 804 (1985), *review denied*, 105 Wn.2d 1008 (1986)), *review denied*, 118 Wn.2d 1015 (1992).

The issue in this case is whether Mesher enforced his lien within the applicable statutory period. A medical lien

created under RCW 60.44.060 is limited in duration. The statute provides, in part:

> Such lien may be enforced by a suit at law brought by the claimant or his assignee within one year after the filing of such lien against the said tort feasor and/or insurer.

Mesher filed his lien on June 23, 1992. According to Pearl, the trial court properly quashed the lien on September 23, 1993, because more than 1 year passed without Mesher taking action to enforce the lien.

Mesher responds, relying on *J.R. Simplot Co. v. Vogt*, 93 Wn.2d 122, 605 P.2d 1267 (1980), that the filing of Pearl's action "tolled" the running of the 1-year statutory period. Although Mesher correctly characterizes the *Simplot* holding, he fails to appreciate that the case does not salvage his inaction.

In *Simplot*, plaintiff Simplot filed an action to foreclose its security interest in a potato crop grown by Vogt Farms. Although not required to do so, Simplot's complaint named Bates, a seed lien claimant to the same potato crop, as a defendant. Bates filed an answer, cross claim and counterclaim in which he sought to enforce his seed lien.

The issue was whether Bates timely enforced his lien. Under the lien statute, Bates was required to enforce the seed lien within 6 months of the crop harvest. Simplot argued that timely enforcement required Bates to file his answer, cross claim and counterclaim within the statutory 6 months. The Supreme Court disagreed, holding that because the action was commenced within the 6-month statutory period, Bates' rights were preserved. The court reasoned that the statutory time period constituted a "statute of limitation on the duration of the lien rather than a limit on the existence of the lien." *Simplot*, at 126. Accordingly,

> Even though Bates did not file his answer, cross claim or counterclaim until well after the 6-month period, the rule in this state and in the majority of jurisdictions is that, if a counterclaim is not barred by the statute of limitation at the commencement of the action in which it was pleaded (the situation here), it does not become barred even though the full statutory period expires during the pendency of the action.

*Simplot,* at 126. *Accord Michel v. Melgren,* 70 Wn. App. 373, 377, 853 P.2d 940 (1993). In other words, because the primary action was started within the lien's statute of limitation, a timely counterclaim filed in the same action would not be barred even if filed after the limitation period had expired.

In this case, Mesher correctly argues that under *Simplot,* once Pearl filed the instant complaint, Mesher could have enforced his lien after the limitation period expired. However, in order to enforce the lien, Mesher *was* required to file a counterclaim seeking enforcement of the lien *prior* to final trial court adjudication. Without a counterclaim filed during the pendency of the action, there was no "suit at law brought by the claimant" and Mesher was not entitled to enforce the lien. Thus, Mesher cannot compare his situation to that of the lien claimant in *Simplot,* who filed an answer, cross claim and counterclaim within 3 months of service of the summons and complaint. Mesher, by contrast, filed his answer and counterclaim weeks *after* his own notice of appeal, at which point jurisdiction had transferred from the superior court to this court. *See* RAP 7.2. In short, Mesher did not bring a suit at law within the limitation period and the trial court properly quashed the medical lien.

Affirmed.

Pursuant to RCW 2.06.040 the remainder of this opinion will not be published.

Reconsideration denied January 25, 1995.

Review denied at 126 Wn.2d 1026 (1995).