[No. 50864-4-I.   Division One.   February 9, 2004.]

SHERRIL RIEGER, *Plaintiff*, v. ROBERT BENNETT, ET AL., *Petitioners*, ROBIN DALTON, ET AL., *Respondents.*

*David M. Jacobi* (of *Wilson Smith Cochran Dickerson*), for petitioners.

*Frederick P. Langer* (of *Nelson, Tyler & Langer*); *I. Richard Lassman*; and *Charles K.Wiggins, Kenneth W. Masters,* and *Shelby R. Frost* (of *Wiggins & Masters, P.L.L.C.*), for respondents.

SCHINDLER, J. — In this appeal we consider whether a plaintiff's lawsuit against multiple defendants tolls the statute of limitations for an independent cross claim by one defendant against another defendant for personal injuries. Sherril Rieger sued Robert Bennett and Robin Dalton for

negligence and injuries caused in a car accident. After the three-year statute of limitations had run, Dalton filed a cross claim against Bennett alleging that Bennett was negligent and liable for Dalton's personal injuries. The trial court ruled that Dalton's cross claim was barred by the statute of limitations and granted Bennett's motion to dismiss. On reconsideration, the trial court reinstated Dalton's cross claim against Bennett, and we granted discretionary review. We conclude Rieger's lawsuit did not toll the statute of limitations on Dalton's independent and separate cause of action against Bennett for her own personal injuries. A defendant must file a cross claim that seeks to recover damages for her own injuries from another defendant within the statute of limitations. We reverse the trial court's order reinstating Dalton's cross claim and on remand direct entry of summary judgment in favor of Bennett.

## Facts

On September 18, 1998, Rieger, Bennett, and Dalton were involved in a three-car accident on Interstate 405. Bennett rear-ended the car Dalton was driving and Dalton, who was stopped behind Rieger, rear-ended Rieger's car. Under the applicable statute of limitations, personal injury claims had to be commenced within three years.

In July 2000 Dalton's lawyer informed Bennett's insurance company that Dalton intended to file a lawsuit against Bennett for her own personal injuries from the September 18 car accident.

On April 16, 2001 Rieger filed a complaint for personal injuries against Bennett, Roy Y Auto Wrecking and Dalton. Rieger's lawsuit also included allegations and a claim for personal injuries related to a separate car accident involving her husband and others that occurred 15 days earlier on September 3, 1998. As to the September 18, 1998 accident, Rieger alleged that Bennett was negligent and caused the collision with Dalton. Rieger sought judgment against both Dalton and Bennett for her damages.

In May 2001, Dalton filed a notice of appearance. Bennett also appeared and filed an answer. In his answer to Rieger's complaint Bennett admitted that he negligently failed to stop and caused the collision with Dalton's car, which in turn collided with Rieger's car, but he claimed that Rieger's injuries were caused by the September 3 accident, not the September 18 car accident.

On October 8, 2001, more than three years after the car accident, Dalton filed an answer to Rieger's complaint and a cross claim against Bennett. Dalton alleged in the cross claim that she was severely injured and that Bennett was liable for her damages. In answer to Dalton's cross claim, Bennett denied the allegations and asserted that Dalton's cross claim was barred by the statute of limitations.

Bennett filed a motion for summary judgment to dismiss Dalton's cross claim on the grounds that it was barred by the statute of limitations.[1] The trial court granted Bennett summary judgment and dismissed Dalton's cross claim.[2] On Dalton's motion for reconsideration the trial court vacated its order of dismissal and reinstated Dalton's cross claim against Bennett. We granted Bennett's motion for discretionary review.

## Discussion

Bennett contends the trial court erred when it concluded that Rieger's timely commencement of her personal injury lawsuit against Dalton and Bennett tolled the statute of limitations on Dalton's separate claim for personal injuries against Bennett. Bennett argues that no Washington court rule, case or statute permits a defendant to rely on a plaintiff to toll the statute of limitations on a defendant's independent claim for relief against a codefendant. He contends the majority of cases from other jurisdictions that have considered this question support his position. He

---

[1] Bennett also sought summary judgment dismissal on other grounds.

[2] The trial court also granted Rieger's motion to sever her claim from Dalton's cross claim against Bennett. Rieger's lawsuit settled before trial.

further contends the few jurisdictions that toll an independent cross claim upon commencement of the original action do so on the basis of a statute.

Dalton admits she did not file her personal injury claim against Bennett until after the three-year statute of limitations had run,[3] but argues that under CR 13(g) and the Supreme Court's decision in *J.R. Simplot Co. v. Vogt*, 93 Wn.2d 122, 605 P.2d 1267 (1980), when a plaintiff files a complaint, the statute of limitations is tolled with respect to all counterclaims and cross claims. Alternatively, Dalton argues that even if *Simplot* applies only to counterclaims, as a matter of policy the same result should be reached for cross claims. Dalton also argues that under the language of RCW 4.16.170 her claim was tolled.

This court reviews a summary judgment order de novo, engaging in the same inquiry as the trial court. *Ellis v. City of Seattle*, 142 Wn.2d 450, 458, 13 P.3d 1065 (2000). Summary judgment is proper if the court, viewing all facts and reasonable inferences in the light most favorable to the nonmoving party, finds no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. CR 56; *Ellis*, 142 Wn.2d at 458. This court reviews the trial court's interpretation of a statute and a court rule de novo. *Rettkowski v. Dep't of Ecology*, 128 Wn.2d 508, 515, 910 P.2d 462 (1996); *Case v. Dundom*, 115 Wn. App. 199, 201, 58 P.3d 919 (2002).

Dalton filed her claim for personal injuries against Bennett under CR 13(g). CR 13(g) permits the assertion of cross claims against a coparty and is liberally construed in order to resolve as many related claims as possible in a single action. *Schoeman v. N.Y. Life Ins. Co.*, 106 Wn.2d 855, 726 P.2d 1 (1986).

██ CR 13(g) provides:

> **Cross Claim Against Coparty.** A pleading may state as a cross claim any claim by one party against a coparty arising out of the transaction or occurrence that is the subject matter

---

[3] RCW 4.16.080.

either of the original action or of a counterclaim therein or relating to any property that is the subject matter of the original action. Such cross claim may include a claim that the party against whom it is asserted is or may be liable to the cross claimant for all or part of a claim asserted in the action against the cross claimant.

Under CR 13(g), the assertion of a cross claim is permissive. *Krikava v. Webber*, 43 Wn. App. 217, 220-21, 716 P.2d 916 (1986); *see also* cases cited therein. CR 13(g) authorizes certain claims to be made as cross claims against a coparty. But it does not prescribe a time within which a party must file a cross claim. CR 13 is a pleading rule; it does not address the statute of limitations for filing a counterclaim or a cross claim.

Relying on *Simplot*, Dalton argues that once Rieger timely filed her complaint for negligence and personal injury, the statute of limitations with respect to all counterclaims and cross claims was tolled. The issue in *Simplot* was whether the codefendant asserting a lien had to commence his lien foreclosure by filing an answer, counterclaim or cross claim within the statutory period or whether his rights were preserved by the plaintiff joining him as a party. In *Simplot*, the plaintiff Simplot sold goods to defendant Vogt. Vogt gave Simplot a security interest in his potato crop. Meanwhile, Bates sold seed to Vogt and obtained a lien against the same potato crop. When Vogt defaulted on its payments to Simplot, Simplot commenced an action against Vogt to foreclose his security interest in the potato crop. Simplot named Bates as a defendant in that lawsuit. Bates filed an "answer, cross claim and counterclaim," seeking to foreclose his seed lien in the same potato crop.[4] Under the lien statute, Bates was required to enforce the seed lien within six months of the crop harvest. Simplot moved for summary judgment, arguing that Bates failed to timely enforce his lien because he did not file his answer, cross claim and counterclaim within the statutory six months. The Supreme Court disagreed:

---

[4] *Simplot*, 93 Wn.2d at 124.

What is material is that plaintiff in its actions to foreclose its security interest . . . did join Bates and thus of its own volition commenced the action which gave rise to the question regarding the lien rights of Bates.

. . . .

Even though Bates did not file his answer, cross claim or counterclaim until well after the 6-month period, the rule in this state and in the majority of jurisdictions is that, if a counterclaim is not barred by the statute of limitation at the commencement of the action in which it was pleaded (the situation here), it does not become barred even though the full statutory period expires during the pendency of the action.

The rights of Bates were preserved by the action of plaintiff in joining him as a party; his seed lien is not expired.

*Simplot,* 93 Wn.2d at 125-26 (citations omitted).

Two subsequent lien cases, *Pearl v. Greenlee,* 76 Wn. App. 338, 887 P.2d 405 (1994), and *Michel v. Melgren,* 70 Wn. App. 373, 853 P.2d 940 (1993), relied on *Simplot.* In *Pearl,* the plaintiff filed an action to recover settlement funds in his attorney's trust account, naming as defendants the attorney and a physician who had asserted a lien against the settlement funds. At the plaintiff's request, the attorney placed the settlement fund proceeds into the court registry pending resolution of the lawsuit. A year later, the plaintiff moved to quash the medical lien on the ground that the one-year lien claim statute had expired. The trial court ordered the funds to be paid to the plaintiff. On appeal, the physician relied on *Simplot* to argue that the filing of the plaintiff's action tolled the running of the one-year statutory period to enforce the medical lien. The court disagreed and affirmed the trial court. The court held that under *Simplot,* once the plaintiff filed his complaint, the physician could have enforced his lien after the limitation period expired. But in order to enforce the lien, the physician was required to file a counterclaim seeking enforcement of the lien during the pendency of the action. *Accord Michel,* 70 Wn. App. at 377.

Dalton's reliance on *Simplot* is misplaced. *Simplot* involved competing interests in the same collateral and does not address the issue presented here. The plaintiff in *Simplot* joined a party who had a prior valid lien in the same collateral. Based on those facts the court held that the codefendant's lien was not barred by the statute of limitations. The court also relied on the common law rule that if a counterclaim that arises out of the same transaction or occurrence is not barred by the statute of limitations at the commencement of the action then it is not barred even if the statute expires during the pendency of the action. Two reasons support this result. First, absent such a rule, a plaintiff could wait until just prior to the expiration of the statute of limitations to file a complaint, leaving the defendant insufficient time to file a counterclaim. Second, by joining the defendant and putting his competing right to the same collateral at issue, a plaintiff waives his right to assert the statute of limitations. *Steinberg v. Seattle-First Nat'l Bank*, 66 Wn. App. 402, 832 P.2d 124 (1992).

■ These reasons to toll the statute of limitations for counterclaims do not justify applying this rule to a new and independent cross claim by one codefendant against another codefendant to recover damages for her own injuries. When the cause of action seeks affirmative relief separate and independent from the plaintiff's complaint, the statute of limitations should not be tolled by the filing of the plaintiff's complaint.

Here, Bennett admitted fault, and Rieger's cause of action for personal injuries is unrelated to Dalton's separate claim for personal injuries. Dalton's personal injury cross claim is independent from and not at issue in Rieger's lawsuit; Dalton's claim is not asserted as a defense to Rieger's claim against Dalton and Bennett; and Dalton's ability to recover is not connected to or dependent on Rieger's claim for damages. Moreover, unlike *Simplot*, Rieger's action against both defendants does not attempt to resolve the competing interests of the parties in a single asset. *Simplot* does not support Dalton's broad argument

that the filing of Rieger's complaint against Dalton and Bennett tolled the statute of limitations as to Dalton's separate personal injury cross claim against Bennett. We decline to extrapolate a holding from *Simplot* to an unrelated independent personal injury cross claim.

Bennett concedes no Washington case directly addresses the issue presented by the facts in this case. But Bennett cites several out-of-state cases that have considered this issue to support his argument that a defendant must assert an independent claim for affirmative relief before the statute of limitations has run.[5]

Below, Dalton relied on out-of-state cases and argued that the majority of jurisdictions followed a rule that the filing of a complaint tolled the statute of limitations as to all counterclaims and cross claims. On appeal, Dalton argues we need not consider out-of-state cases because *Simplot* is controlling and the out-of-state cases do not support Bennett's position.

In the majority of cases from other jurisdictions that have addressed this issue, absent a contrary statutory tolling provision, cross claims between defendants for affirmative relief that are independent and unrelated to the plaintiff's complaint must be filed within the statute of limitations. *See Duhammel v. Star*, 133 Ariz. 558, 653 P.2d 15 (Ct. App. 1982) (counterclaim asserted as a defense to plaintiff's

---

[5] Bennett also cites several Washington decisions that make a distinction between defensive counterclaims that can be asserted after the statute of limitations has run and affirmative claims that cannot. *Seattle-First Nat'l Bank, N.A. v. Siebol*, 64 Wn. App. 401, 824 P.2d 1252 (1992) (defense of recoupment not barred by statute of limitations because main action was timely, but counterclaim for affirmative relief barred); *Warren v. Wash. Trust Bank*, 19 Wn. App. 348, 575 P.2d 1077 (1978) (defendant could not assert counterclaim or cross claim for damages for conversion; commencement of main lawsuit tolled statute of limitations only as to defenses), *modified on other grounds and affirmed*, 92 Wn.2d 381, 598 P.2d 701 (1979); *J.C. Felthouse & Co. v. Bresnahan*, 145 Wash. 548, 260 P. 1075 (1927) (the statute of limitations never runs against a defense arising out of the same transaction; after statute of limitations had run defendant could plead defensive counterclaim of fraud in inducement to plaintiff's claim for contract damages and could offset damages to the extent of plaintiff's claim, but could not obtain money judgment). *See Bingham v. Lechner*, 111 Wn. App. 118, 45 P.3d 562 (2002) (distinguishing *Siebol*), *review denied*, 149 Wn.2d 1018 (2003). To the extent these cases may be applicable to Dalton's cross claim, they support Bennett's position that the statute of limitations was not tolled.

claim may be asserted after plaintiff commences lawsuit, but the defendants' affirmative claims for damages must be commenced before the applicable statute of limitations has run); *Floyd v. Ballenger*, 258 A.2d 911 (Del. Super. 1969) (following *Di Norscia v. Tibbett*, 50 Del. 118, 124 A.2d 715 (1956), which held that all parties, whether asserting affirmative claims as plaintiff, counterclaimant or cross-claimant, must commence their claims before the statute of limitations has run); *Williams v. Dumais*, 34 Conn. Supp. 247, 385 A.2d 686 (1977) (defensive cross claims which reduce or seek reimbursement for a defendant's liability to the plaintiff are tolled upon filing of plaintiff's complaint, but defendant in a personal injury action arising out of a motor vehicle collision cannot wait until the statute of limitations has expired before asserting his own personal injury claim against a codefendant by way of a cross claim); *Freiberger v. Am. Triticale, Inc.*, 120 Idaho 239, 815 P.2d 437, 439-40 (1991) (" 'Where the claim of the defendant is an affirmative independent cause of action not in the nature of a defensive claim, the defendant must comply with the applicable statute of limitations,' " noting that this rule applies with "stronger force" to cross claims because the codefendant did not commence a lawsuit against the cross-claimant) (quoting *United States ex rel. Bros. Builders Supply Co. v. Old World Artisans, Inc.*, 702 F. Supp. 1561, 1569 (1938)); *Kan. Pub. Employees Ret. Sys. v. Reimer & Koger Assocs.*, 262 Kan. 110, 936 P.2d 714, 719 (1997) ("Any cross-claim that asserts an affirmative claim must be filed within the applicable period of the statute of limitations."); *Noble v. C.E.D.O., Inc.*, 374 N.W.2d 734 (Minn. Ct. App. 1985) (defensive claims relate back to the commencement of the lawsuit, but counterclaims and cross claims seeking affirmative relief must be filed before the statute of limitations has run); *State ex rel. Egeland v. City Council of Cut Bank*, 245 Mont. 484, 803 P.2d 609 (1990) (counterclaim or cross claim for affirmative relief does not relate back to the commencement of the plaintiff's action); *Ho v. Rubin*, 333 N.J. Super. 599, 756 A.2d 643 (1999) (claim for defamation is not a claim for "recoupment" and therefore must be

asserted as counterclaim or cross claim before the statute of limitation expires); *Bednar v. Bednar*, 455 Pa. Super. 487, 688 A.2d 1200 (1997) (a counterclaim or cross claim seeking affirmative relief must be brought before the statute of limitations expires; the statute is not tolled by the commencement of the plaintiff's action); *Brown v. Hipshire*, 553 S.W.2d 570, 571-72 (Tenn. 1977) (holding that a cross claim or counterclaim for affirmative relief must be filed before the statute of limitations expires because a claim "is not stripped of its character as an independent action by acquiring the label counterclaim"); *Hawkeye Sec. Ins. Co. v. Apodaca*, 524 P.2d 874 (Wyo. 1974) (state rule governing counterclaims and cross claims is merely a pleading rule and does not address the statute of limitations; the general rule in virtually all jurisdictions is that defensive claims relate back to the filing of the plaintiff's action, as the statute of limitations is not intended to suppress or deny matters of defense, but the statute is not tolled as to claims for affirmative relief); *see also Hodge v. Monsanto*, 592 F.2d 184, 187 (3d Cir. 1979) (applying Virgin Island territorial law, holding that a cross claim that seeks affirmative relief against a codefendant "must be treated as an independent suit and be governed . . . by the limitations set by the statute"); *Bros. Builders Supply Co.*, 702 F. Supp. at 1569 (where the defendant asserts an independent claim for affirmative relief against a codefendant, he must commence his own claim within the statute of limitations and may not rely on the plaintiff to toll the statute for him).

Dalton relies on cases from Utah, Ohio and Texas to support her contention that the filing of a plaintiff's complaint tolls the statute of limitations on a defendant's independent cross claim. *Sharon Steel Corp. v. Aetna Cas. & Sur. Co.*, 931 P.2d 127 (Utah 1997); *Nat'l Retailers Mut. Ins. Co. v. Gross*, 142 Ohio St. 132, 50 N.E.2d 258 (1943); and *Fluor Eng'rs v. S. Pac. Trans. Co.*, 753 F.2d 444 (5th Cir. 1985). Those cases are distinguishable. In *Sharon Steel*, the court held that the statute of limitations was tolled for cross claims by plaintiff's original action but only to the extent

the cross claims were defensive and not independent. The *National Retailers* court held that a defendant can assert an untimely defensive claim to plaintiff's complaint. And in *Fluor*, a Texas statute explicitly authorized the defendant to assert an affirmative cross claim after the statute of limitations.

We conclude that no Washington case has addressed the issue presented here and that the out-of-state cases cited by the parties support Bennett's position that a defendant must assert an independent claim for affirmative relief against a codefendant before the statute of limitations has run. Dalton has presented no argument that persuades us we should take a different approach.

■ Dalton also argues that under RCW 4.16.170, Rieger's lawsuit is "an action" that tolled the statute of limitations on Dalton's personal injury claim. RCW 4.16-.170 provides:

> For the purpose of tolling any statute of limitations an action shall be deemed commenced when the complaint is filed or summons is served whichever occurs first. If service has not been had on the defendant prior to the filing of the complaint, the plaintiff shall cause one or more of the defendants to be served personally, or commence service by publication within ninety days from the date of filing the complaint. If the action is commenced by service on one or more of the defendants or by publication, the plaintiff shall file the summons and complaint within ninety days from the date of service. If following service, the complaint is not so filed, or following filing, service is not so made, the action shall be deemed to not have been commenced for purposes of tolling the statute of limitations.

RCW 4.16.170 defines commencement of an action by service or filing but does not address the issue before the court. Dalton's interpretation of RCW 4.16.170 would require this court to construe RCW 4.16.170 to create an exception to the statute of limitations. Any exceptions to tolling statutes are in tension with policies supporting a strict application of the statute of limitations. *Janicki Logging & Constr. Co. v. Schwabe, Williamson & Wyatt,*

*P.C.*, 109 Wn. App. 655, 662, 37 P.3d 309 (2001). Exceptions are strictly construed and courts are reluctant to read into a statute of limitations an exception not clearly articulated. *O'Neil v. Estate of Murtha*, 89 Wn. App. 67, 73-74, 947 P.2d 1252 (1997). We cannot read into the tolling statute a broader exception than is expressly granted.

## Conclusion

The statute of limitations on a defendant's cross claim against a codefendant for her own personal injuries is not tolled by the commencement of the plaintiff's lawsuit. In these circumstances a defendant must file a cross claim within the statute of limitations. We reverse the trial court's order reinstating Dalton's cross claim and on remand direct entry of summary judgment in favor of Bennett.

GROSSE and BAKER, JJ., concur.