# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | |
|---|---|
| DOUGLAS S. TINGVALL and AUGUSTA REGO-BARROS, husband and wife,<br><br>       Appellant,<br><br>    v.<br><br>U.S. BANK, successor trustee to Bank of America, NA, successor in interest to LaSalle Bank NA, as trustee, on behalf of the holders of the WaMu Mortgage Pass-Through Certificates, Series 2006-AR12,<br><br>       Respondent.<br>    v.<br><br>NATIONAL CITY BANK, an OHIO Corporation; EGP INVESTMENTS, LLC A Washington limited liability company; and the INTERNAL REVENUE SERVICE, a federal government entity,<br><br>       Third-party Defendants. | No. 75365-7-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION<br><br>FILED: May 30, 2017 |

SPEARMAN, J. — The filing of a lawsuit tolls the statute of limitations as to counterclaims within the lawsuit. In this foreclosure dispute, Douglas Tingvall contends that the trial court erred in granting U.S. Bank's counterclaim for judicial foreclosure because the Bank's claim was time barred. The parties assert a number of theories as to when the statute of limitations on the Bank's claim

began to run. But even under the theory most favorable to Tingvall, the Bank's counterclaim was timely when Tingvall commenced this action and thus was not time barred during the action. We affirm.

## FACTS

Tingvall took out a home loan for about $1 million in 2006. He has not made payments on the loan since 2007. Between 2008 and 2014, U.S. Bank (Bank) initiated foreclosure proceedings several times. These proceedings were discontinued when Tingvall applied for loan modifications, asserted alleged procedural defects, and filed for bankruptcy. The Bank reinitiated foreclosure proceedings in February 2015 and scheduled a trustee's sale.

In March 2015, Tingvall filed a complaint seeking to enjoin the trustee's sale, quiet title, and declare the Bank's interest in his home unenforceable. Tingvall asserted that the Bank accelerated the loan during the 2008 foreclosure proceedings, a six year statute of limitations began to run at that time, and the Bank's 2015 foreclosure action was therefore untimely. Tingvall moved for summary judgment. In opposition to Tingvall's motion for summary judgment, the Bank asserted that, even if it accelerated the loan in 2008, Tingvall modified the loan in 2009, thereby acknowledging the debt and restarting the statute of limitations.

Tingvall filed an amended complaint. In this complaint, he deleted references to the 2008 foreclosure action and relied instead on the 2009 notice of default. Tingvall repeated his claim that the Bank accelerated the loan, the six

year statute of limitations began to run when the loan was accelerated, and the Bank's action was therefore untimely.

In light of Tingvall's amended complaint, the Bank restated its position that it never accelerated the loan and that, even if it had accelerated the loan, Tingvall acknowledged the debt in his subsequent bankruptcy plan. The Bank also argued that, even if the statute of limitations began to run in April 2009, it could enforce its claim by asserting a counterclaim during the present litigation, which began when Tingvall filed his complaint in March 2015. The Bank later counterclaimed for judicial foreclosure and moved for summary judgment.

The trial court denied Tingvall's motion for summary judgment, granted the Bank's motion for summary judgment, and issued a decree of foreclosure. Tingvall appeals.

## DISCUSSION

Tingvall contends that the trial court erred in granting the Bank's motion for summary judgment. We review an order granting summary judgment de novo, engaging in the same inquiry as the trial court. Bennett v. Dalton, 120 Wn. App. 74, 78, 84 P.3d 265 (2004). Summary judgment is proper where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. CR 56.

Tingvall argues that the Bank's counterclaim was untimely.[1] His position is that the Bank's claim is based on the note securing the home loan. He contends

---

[1] Tingvall contends only that the counterclaim was barred by the statute of limitation and raises no argument as to the merits of the Bank's claim.

that a six year statute of limitations began to run when the Bank accelerated the loan in April 2009 and the statute of limitations expired before the Bank filed its counterclaim for judicial foreclosure in July 2015. Tingvall asserts that his bankruptcy has no bearing on the statute of limitations because the home loan was excluded from the bankruptcy plan.

The Bank disputes Tingvall's assertion that the home loan was excluded from the bankruptcy plan. The Bank's position is that Tingvall's chapter 11 plan replaced the note and established new obligations regarding the home loan. The Bank asserts that the bankruptcy plan is a binding judgment and the statute of limitations began to run when the plan was confirmed in 2012.

The Bank also raises several theories in the alternative. The Bank asserts that it did not accelerate the loan but, even if it did, Tingvall acknowledged the debt in his bankruptcy plan and thus restarted the statute of limitations. The Bank contends that the confirmed bankruptcy plan constitutes a loan modification, also restarting the statute of limitations. The Bank also asserts that, under the chapter 61.24 RCW, the Deed of Trust Act, acceleration applies only during a specific nonjudicial foreclosure action. Under this theory, the statute of limitations for accelerations does not apply because the parties return to the status quo when foreclosure proceedings are discontinued. And the Bank argues that, even under Tingvall's theory that the Bank accelerated the loan in 2009 and the statute of limitations began to run at that time, its claim was timely. The Bank contends that a counterclaim that arises out of the same transaction as the plaintiff's claim

relates back to the complaint, so that if the counterclaim was timely when the complaint was filed it remains timely during the pendency of the action.

According to Tingvall, the trial court relied on this last theory in granting summary judgment for the Bank. Tingvall asserts that the trial court erred because a counterclaim seeking affirmative relief does not relate back to the commencement of the action.

The Supreme Court considered the timeliness of counterclaims in J.R. Simplot Co. v. Vogt, 93 Wn.2d 122, 605 P.2d 1267 (1980). In that case, a farmer, Vogt, defaulted on payments to two creditors, Simplot and Bates. Id. at 123-24. Both creditors had a security interest in Vogt's potato crop. Id. Simplot brought a foreclosure action and joined Bates. Id. at 124. After the statutory period for enforcing his lien, Bates filed "an answer, crossclaim and counterclaim" seeking to foreclose on his interest in the crop. Id. The trial court rejected Bates's claim as time barred but the Supreme Court reversed. Id. at 126. The Simplot court held that "the rule in this state and in the majority of jurisdictions is that, if a counterclaim is not barred by the statute of limitations at the commencement of the action in which it was pleaded…, it does not become barred even though the full statutory period expires during the pendency of the action." Id. (citing Shelton v. Conant, 10 Wash. 193, 195, 38 P. 1013 (1894)).

Washington courts have consistently applied this rule. See Steinberg v. Seattle-First National Bank, 66 Wn. App. 402, 406, 832 P.2d 124 (1992) ("the filing of the original lawsuit satisfies the requirements of the statute of limitations both as to the claim as originally stated, or as it may be amended, and also as to

any counterclaims within the lawsuit"); and <u>Logan v. Northwest Ins. Co.</u>, 45 Wn. App. 95, 99, 724 P.2d 1059 (1986) (citing <u>Simplot</u> at 126, and stating that a "counterclaim is not barred by the statute of limitations if the counterclaim would not have been barred by the statute of limitations at the commencement of the action in which it was pleaded").

Tingvall, however, contends that the rule does not apply in this case. He asserts that the rule articulated in <u>Simplot</u> applies only to defenses and that where, as here, a defendant seeks affirmative relief, the counterclaim must be raised before the statute of limitations expires. Tingvall relies on this court's opinion in <u>Bennett</u>, 120 Wn. App. 74.

In <u>Bennett</u>, we considered whether <u>Simplot</u> applied to cross claims that are independent of the plaintiff's claim. <u>Bennett</u> arose from a rear-end accident involving three cars. <u>Id.</u> at 76. One of the drivers, Rieger, brought a personal injury action against the other two drivers, Bennett and Dalton. <u>Id.</u> After the statute of limitations expired, Dalton filed a cross claim against Bennett. <u>Id.</u> at 77. Dalton relied on <u>Simplot</u> to argue that his cross claim was timely. <u>Id.</u> at 79.

We rejected Dalton's argument because his cross claim was independent of Rieger's claim. <u>Id.</u> at 81. In <u>Simplot</u>, the complaint, counterclaim, and cross claim involved interests in the same collateral. <u>Id.</u> at 79. But in <u>Bennett</u>, Rieger's claim did not affect Dalton's ability to recover. <u>Id.</u> at 81. We held that "<u>cross claims</u> between defendants for affirmative relief <u>that are independent and unrelated</u> to the plaintiff's complaint must be filed within the statute of limitations." <u>Id.</u> at 82 (emphasis added).

Our holding in Bennett addresses unrelated cross claims. It has no application here, where the Bank asserted a counterclaim involving the same collateral that Tingvall put at issue in his complaint.

Tingvall also relies on Bingham v. Lechner, 111 Wn. App. 118, 45 P.3d 562 (2002), for the proposition that counterclaims must be raised before the statute of limitations expires. He quotes Bingham for the proposition that "statutes of limitations do not run against defenses arising out of the transaction sued upon. Accordingly, even though the debtors' counterclaim . . . was time barred, the debtors were not barred on the basis of the statute of limitations from raising it as an affirmative defense." Id. at 132. But Tingvall takes this quote out of context.

In Bingham, the statute of limitations barred a creditor's foreclosure action. Id. at 131. The creditor argued that, although he could not take action to recover the underlying debt, the trial court should have offset the amount awarded to the debtor for attorney fees by the amount due under the promissory notes. Id. The creditor relied on Seattle-First National Bank v. Siebol, 64 Wn. App. 401, 824 P.2d 1252 (1992). Id. at 132. The sentences that Tingvall quotes are part of the Bingham court's summary of Siebol. Id.

In that case, a bank foreclosed on a debtor's property in November 1987. Siebol, 64 Wn. App. at 405. The debtor counterclaimed for damages arising from breach of the bank's oral promise, made in May 1983, to provide additional financing. Id. The three year statute of limitations on the debtor's claim for breach of an oral promise had already expired before the commencement of the bank's

foreclosure action. Id. The debtor argued that the statute of limitations was tolled because of his continuous relationship with the bank, but this court rejected the argument. Id. at 406-07.

The debtor also raised the bank's breach of an oral promise as an affirmative defense under a recoupment theory. Id. The Siebol court stated that "[s]tatutes of limitation never run against defenses arising out of the transactions sued upon." Id. (citing Allis-Chalmers Corp. v. North Bonneville, 113 Wn.2d 108, 112, 775 P.2d 953 (1989)). In addition, recoupment, as an equitable remedy, "is available as a defense even when barred as an affirmative cause of action." Id. (citing 20 Am.Jur.2d Counterclaim, Recoupment, and Setoff §§ 10 and 11, at 235-36 (1965)). The Siebol court affirmed an equitable offset based on promissory estoppel. Id. at 408.

Neither Bingham nor Siebol address the timeliness of a counterclaim asserting an interest in the same collateral as the plaintiff's claim. The cases are inapposite. Tingvall fails to show that Simplot does not govern in this case.

The rule in Washington is that if a counterclaim is not barred by the statute of limitations at the commencement of the action, it does not become time barred during the action. Simplot, 93 Wn.2d at 126. As we explained in Bennett, "by joining the defendant and putting his competing right to the same collateral at issue, a plaintiff waives his right to assert the statute of limitations." Bennett, 120 Wn. App. at 81 (citing Steinberg, 66 Wn. App. at 402).

In this case, we need not resolve the dispute as to when the statute of limitations began to run because even under the theory most favorable to

No. 75365-7

Tingvall, the Bank's counterclaim was not time barred. Tingvall asserts that a six year statute of limitations began to run in April 2009. He filed his complaint to quiet title and declare the Bank's interest unenforceable in March 2015. The Bank's counterclaim for judicial foreclosure was not time barred when Tingvall commenced the action and thus was not time barred during the action.

Affirmed.

WE CONCUR:

Spearman, J.

Leach, J.

Appelwick, J.